UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SEKISUI AMERICA CORPORATION and,
SEKISUI MEDICAL CO., LTD

                Plaintiffs,

    v.

RICHARD HART and MARY LOUISE TRUDEL-
HART,

                Defendants.

------------------------------------------------------------x



ECF Case

Civil Action No. 12-CV-3479 (SAS)

[PROPOSED] SCHEDULING ORDER

WHEREAS, on July 25, 2012, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) (the "Order"); and

WHEREAS, the Order requires that Plaintiffs Sekisui America Corporation and Sekisui Medical Co., Ltd. (together, "Plaintiffs") and Defendants Richard Hart and Mary Louise Trudel-Hart (together, "Defendants") jointly prepare and sign a proposed Scheduling Order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

I.     **THE CONFERENCE**

The date of the conference is August 20, 2012. The appearances of the parties are:

    (a)     Karen L. Hagberg and Craig B. Whitney from Morrison & Foerster LLP on behalf of Plaintiffs;

    (b)     Jonathan G. Kortmansky and Franklin B. Velie from Sullivan & Worcester LLP on behalf of Defendants.

II.     **INITIAL DISCLOSURES**

Sekisui requests that the parties exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) by August 28, 2012.

The Harts contend that Plaintiffs' claims are securities claims, and that pursuant to the Private Securities Litigation Reform Act ("PSLRA") all discovery (including initial disclosures) is stayed pending the resolution of the Harts' motion to dismiss. If the Court determines that the PSLRA stay of discovery does not stay discovery of the Plaintiffs' breach of contract claims, to

{N0318940; 1}
ny-1053690

avoid conducting discovery twice, the Harts request that the Court stay all discovery pending the resolution of the Hart's motion to dismiss Plaintiffs' action in its entirety.

## III. CONCISE STATEMENT OF THE ISSUES

(a) <u>Plaintiffs' Statement of the Issues</u>

Plaintiffs have brought claims for breach of contract and fraud. Plaintiffs purchased the shares of American Diagnostica Inc. ("ADI") from Defendants, who owned over 95% of ADI's shares, and the remaining shareholders for $25,500,000 pursuant to a Stock Purchase Agreement, dated March 5, 2009 ("SPA"). Under the SPA, Defendants, as Principal Shareholders, made several representations and warranties about ADI's products, assets, operations, facilities and customers. After approximately a year, Plaintiffs replaced ADI's long-standing director of manufacturing, and the new manufacturing director became aware that many of ADI's conditions and operations were not in accordance with FDA regulations and Defendants' contractual representations. Plaintiffs then conducted a more thorough examination and determined that Defendants had breached numerous representation and warranty provisions of the SPA. Around the same time, Defendant Hart, who was obligated to remain as the CEO of ADI in accordance with the parties' agreement, left the company and refused to return, despite numerous requests to do so. Eventually, Plaintiffs terminated Hart's employment and brought this action for breach of the SPA.

In addition, Defendants made several additional representations during the parties' negotiations, in particular regarding the status of FEMTELLE, a breast cancer test that was one of the primary incentives for Plaintiffs' acquisition of ADI. Those misrepresentations and omissions were critical to inducing Plaintiffs to purchase ADI and pay a higher purchase price than they otherwise would have paid.

(b) <u>Defendants' Statement of the Issues</u>

Plaintiffs have asserted securities fraud against the Harts. Plaintiffs claim that they were fraudulent induced to purchase the shares of ADI based on certain forward looking statements and financial projections contained in a confidential memorandum prepared by CrossTree Capital Partners, an advisory firm retained by ADI to assist in finding potential buyers for ADI. Plaintiffs' fraud claim is negated by the confidential memorandum which contains numerous express disclaimers that the statements in it cannot be relied on in connection with any decision to purchase shares of ADI. For example, the confidential memorandum states that it "includes certain statements, estimates, projections (including Pro Forma Income Statements) and certain forward looking statements within the meaning of the [PSLRA]. Such statements, information, estimates and projections reflect significant assumptions and subjective judgments by the Company's management . . . The Company cautions suitors not to place undue reliance on forward-looking statements . . . [t]hese assumptions and judgments may or may not prove to be correct and there can be no assurance that any projected results are attainable or will be realized . . . neither the Company . . . makes any representations or warranties as to their accuracy or completeness." (Confidential Memorandum at 5). In addition to the express disclaimers in the confidential memorandum, Section 4.29 of the SPA expressly states that any statements or

projections set forth in the confidential memorandum are replaced and superseded by the representations and warranties in the SPA.

Plaintiffs' claim that the Harts breached the representations and warranties in the SPA is similarly baseless as the problems they complain of were of their own making. Plaintiffs conducted two separate and extensive due diligence reviews before acquiring ADI. The first was during the five month period prior to executing the SPA. If this due diligence review was unsatisfactory, Plaintiffs had no obligation to execute the SPA. The second was during the period between the execution of the SPA and the Closing Date. If this second due diligence review was unsatisfactory, Plaintiffs had no obligation to close the acquisition of ADI. Plaintiffs' Complaint does not allege that either of these reviews revealed any problems at ADI, and indeed, Plaintiffs executed the SPA and closed the acquisition. In May 2009, i.e., one month following the close of the acquisition, ADI received ISO 13485 certification. This is a certification related to obtaining CE marking for sale of medical devices in Europe. This was the second ISO 13485 certification received by ADI, the first was in 2006. In September 2009, i.e., five months following Plaintiffs' assumption of control, Plaintiffs conducted yet another review, this time an internal audit of ADI. That audit also found no problems. In May 2010, a year after Sekisui assumed control of ADI, Sekisui retained AQSOL to conduct yet another audit. For the first time, this audit revealed curtained alleged issues at ADI. Given two extensive pre-closing due diligence reviews and a post-closing audit, all of which revealed no problems at ADI, as well as the receipt of two ISO certifications, the most plausible explanation for the problems found by Plaintiffs in 2010 is that they were problems created by Plaintiffs.

The Harts have a claim for approximately $3,850,000, which is that portion of the purchase price paid by Sekisui for the shares of ADI which was temporarily placed in an escrow account at U.S. Bank National Association ("U.S. Bank"). Those funds were to be released in 18 months after their deposit if no valid claim for indemnification was made by Sekisui prior to the expiration of the 18 month term. In this action, the Harts seek the release of the escrowed funds because Sekisui did not timely make a valid claim for indemnification.

The Harts may have additional claims, and will include all such claims when required to submit an answer and counterclaim in the action.

### IV.  PROPOSED SCHEDULE

The Harts contend that the PSLRA stays all discovery pending the resolution of the Harts' motion to dismiss Plaintiffs' complaint in its entirety. If the Court determines that the PSLRA stay of discovery does not stay discovery of the Plaintiffs' breach of contract claims, to avoid conducting discovery twice, the Harts request that the Court stay all discovery related to Plaintiffs' breach of contract claims as well.

Plaintiffs do not agree with the Defendants' position, and assert that the PSLRA is not applicable to this action and discovery should not be stayed. Further, even if the PSLRA were deemed applicable to Plaintiffs' common law fraud claim (which Plaintiffs' dispute), it would not stay discovery regarding Plaintiffs' independent claims for breach of contract.

If the Court orders discovery, the parties request the following schedule:

### A. Proposed Schedule of Planned Depositions

The parties propose completing fact discovery, including the depositions of all fact witnesses, by March 31, 2013.

The parties currently anticipate collectively taking between 10-20 depositions of fact witnesses.

Specifically, based on current information, Plaintiffs may seek to depose the following individuals: (1) Richard Hart and (2) Mary Louise Trudel-Hart. Plaintiffs may also seek depositions of third-party witnesses related to their breach of contract and fraud claims.

Based on current information, Defendants may seek to depose the following individuals: (1) Mutsumi Fukuda, (2) Akira Morimoto, (3) Mamoru Koseki, (4) Dr. Hugh Fryer, (5) Jose Campo, (6) Kevin Morrissey and (7) Mamoru Takemura. Defendants may also seek depositions of third-party witnesses, and other current and former employees of ADI and Plaintiffs related to Plaintiffs' claims and FEMTELLE.

### B. Proposed Schedule for Production of Documents and Other Written Discovery

The parties shall provide initial discovery requests by September 30, 2012.

The parties shall provide written objections and responses to discovery requests on or before October 30, 2012. The parties shall begin a rolling production of documents responsive to those document requests on or before November 15, 2012 and shall use their best efforts to produce all documents on or before February 1, 2013.

The parties believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to anticipated discovery requests. The parties will submit a Joint Electronic Discovery Submission and Proposed Order.

### C. Proposed Schedule for Expert Discovery

The Parties propose the following schedule for expert discovery:

(1) Affirmative expert reports shall be served on or before April 30, 2013 (or 30 days after the close of fact discovery);

(2) Rebuttal expert reports shall be served on or before May 31, 2013 (or 30 days after affirmative expert reports); and

(3) Expert depositions to be complete by June 30, 2013.

### D. Deadline to Complete All Discovery

All discovery shall be completed by July 15, 2013.

*[Handwritten annotation: all to be scheduled after motion to dismiss is decided]*

E.   **Date by which Plaintiffs will supply Pre-Trial Order Matters to Defendants**

Filing of dispositive motions shall be completed by July 31, 2013. In the event that Plaintiffs and/or Defendants intend to file or have filed a dispositive motion, or if the parties are actively engaged in settlement negotiations, the parties may ask the Court to extend this and other pre-trial deadlines.

The parties will exchange pre-trial order matters within twenty-one (21) days following the Court's ruling on all dispositive motions or twenty-one (21) days following the deadline for dispositive motions if no dispositive motions are filed.

F.   **Date by Which the Parties will Submit Pre-Trial Order**

The parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed findings of fact and conclusions of law within forty-five (45) days following the Court's ruling on all dispositive motions or forty-five (45) days following the deadline for dispositive motions if no dispositive motions are filed.

G.   **Date for the Final Pre-Trial Conference Pursuant to Fed. R. Civ. P. 16(d)**

The final Pre-Trial Conference will be held on _____.

## V.   STATEMENT OF ANY LIMITATIONS PLACED ON DISCOVERY

Apart from the need for a protective order, which the parties will negotiate and submit to the Court for approval, the only limitation on discovery sought by the parties at this time is to limit the maximum number of Requests for Admission for each party to ten (10), exclusive of requests solely for the purpose of authenticating documents.

## VI.   STATEMENT OF ANY DISCOVERY ISSUES

The parties are not aware of any discovery issues at this time.

## VII.   ANTICIPATED FIELDS OF EXPERT TESTIMONY

Plaintiffs anticipate that expert testimony will include testimony related to: (1) FDA regulations and requirements related to ADI's industry; (2) standards and good business practices in the pharmaceutical / medical device industry; and (3) damages.

Defendants anticipate that expert testimony will include testimony related to the subjects identified by Plaintiffs. In addition, expert testimony may include ISO certification and Connecticut licensing, regulations and requirements related to ADI's industry.

## VIII.   ANTICIPATED LENGTH OF TRIAL

The parties agree that this case is subject to a non-jury trial. The parties anticipate that trial will last five to ten days.

## IX. AMENDMENT OF SCHEDULING ORDER

The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

## X. NAMES, ADDRESSES, PHONE NUMBERS AND SIGNATURES OF COUNSEL

MORRISON & FOERSTER LLP

_____
Karen L. Hagberg
Craig B. Whitney
1290 Avenue of Americas
New York, NY 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
khagberg@mofo.com
cwhitney@mofo.com

SULLIVAN & WORCESTER LLP

_____
Franklin B. Velie
Jonathan G. Kortmansky
1633 Broadway, 32nd Floor
New York, NY 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
fvelie@sandw.com
jkortmansky@sandw.com

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

8/20/12