UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEKISUI AMERICA CORPORATION and SEKISUI MEDICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD HART and MARY LOUISE TRUDEL-HART, <br><br> Defendants. | ECF CASE <br><br> Civil Action No. 12-CV-3479 (SAS) |

# PLAINTIFFS' SUR-REPLY MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

MORRISON & FOERSTER LLP
Karen L. Hagberg
Craig B. Whitney
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 468-8000
Facsimile:   (212) 468-7900
khagberg@mofo.com
cwhitney@mofo.com

*Attorneys for Plaintiffs*
*Sekisui America Corporation and Sekisui Medical Co., Ltd.*

ny-1055985

Pursuant to the Court's Order at the August 20, 2012 conference granting Plaintiffs permission to submit a sur-reply addressing the issues raised for the first time in Defendants' reply brief, Plaintiffs hereby submit the following sur-reply brief.

**I.    DEFENDANTS' BOILERPLATE DISCLAIMER DOES NOT INSULATE THEM FROM FRAUD.**

Defendants argue for the first time in their reply brief that Plaintiffs' fraud claim "ignores the express disclaimers in the confidential memorandum." Reply Br. at 1. This argument fails for three reasons.

*First,* Defendants argue that Plaintiffs' fraud claim is based solely on statements in the Confidential Memorandum ("CM") regarding the likelihood of ADI receiving FDA approval of its 2009 FEMTELLE 510(k) submission. Although that is a component of Plaintiffs' fraud claim, Defendants ignore the allegation that, while Defendants were making such statements—both in the CM and elsewhere—they were simultaneously failing to notify Plaintiffs that ADI had already made an unsuccessful FEMTELLE 510(k) submission in 2007 based on the same studies and tests. (Compl. ¶¶ 31-33, 56(a).) Thus, any disclaimer regarding statements in the CM does not address Defendants' fraudulent omission regarding the failed 2007 510(k) submission, and therefore does not insulate Defendants from Plaintiffs' allegations of fraud.

*Second*, Defendants' boilerplate disclaimer at the beginning of the CM does not permit Defendants to act with impunity and include knowingly fraudulent statements throughout the 60-plus page CM. In order to undermine Plaintiffs' reasonable reliance on Defendants' misrepresentations and omissions, Defendants' disclaimer must have been specifically targeted at the actual statements relied upon. "A disclaimer is generally enforceable only if it 'tracks the substance of the alleged misrepresentation.'" *Caiola v.*

1

ny-1055985

*Citibank, N.A.*, 295 F.3d 312, 330 (2d Cir. 2002) (quoting *Grumman Allied Indus., Inc. v. Rohr Indus., Inc.*, 748 F.2d 729, 735 (2d Cir. 1984)).  Likewise, "where specificity has been lacking, dismissal of the fraud claim has been ruled inappropriate." *Mfrs. Hanover Trust Co. v. Yanakas*, 7 F.3d 310, 316 (2d Cir. 1993) (citing supporting cases); *see also Dallas Aero., Inc. v. CIS Air Corp.*, 352 F.3d 775, 785 (2d Cir. 2003) (finding disclaimer of "any representations regarding the airworthiness of the engine" sufficiently specific for that representation, while recognizing that "it is well established that a general, boilerplate disclaimer of a party's representations cannot defeat a claim for fraud").

Defendants' disclaimer at the beginning of the CM does not refer to any specific statement in the numerous pages that follow that disclaimer, and in particular does make any specific disclaimer regarding FEMTELLE or the 510(k) submission.  Unlike the cases cited in Defendants' reply brief, the disclaimer at issue here is nothing more than a boilerplate disclaimer of "forward-looking statements" regularly contained in corporate disclosures, which courts have repeatedly held insufficient to insulate a company from fraud when not accompanied by "'meaningful' cautionary language that speaks to the substantive information that plaintiff alleges the defendants misrepresented." *City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 11 Civ. 5026 (JSR), 2012 U.S. Dist. LEXIS 97185, at *14 (S.D.N.Y. July 13, 2012) (citing *Slayton v. Am. Express Co.*, 604 F.3d 758, 770-72 (2d Cir. 2010)); *see also Anwar v. Fairfield Greenwich, Ltd.*, 728 F. Supp. 2d 372, 411 (S.D.N.Y. 2010) ("crafty wrongdoers [cannot] avoid liability by slipping all-purpose disclaimers into material provided to investors").

*Finally*, Defendants' purported disclaimer does not even disclaim the accuracy of Defendants' statements.  To the contrary, the CM explicitly states that "the information

contained herein is *believed to be accurate*." See Kortmansky Decl. (Dkt. No. 20), Ex. A at 5 (emphasis added).  Thus, far from disclaiming reliance on Defendants' statements, the CM reaffirms the accuracy of such statements.

## II.     PLAINTIFFS HAVE NOT AMENDED THEIR COMPLAINT.

At the conclusion of their reply brief, Defendants make the false statement that "Plaintiffs already amended their complaint once." Reply Br. at 10.  There has been no amended complaint filed in this action, which is clear from the case docket.  Defendants point out that Plaintiffs' counterclaims to *Defendants'* complaint (which the Court subsequently consolidated with this case and which the parties have agreed to withdraw) repeated the allegations in Plaintiffs' complaint "almost verbatim." *Id.*  That certainly does not constitute an amended complaint.[1]

## CONCLUSION

For the reasons set forth above and in Plaintiffs' opposition brief, Plaintiffs respectfully request that Defendants' motion to dismiss be denied.

Dated:  August 29, 2012                              MORRISON & FOERSTER LLP

s/ Karen L. Hagberg
Karen L. Hagberg
Craig B. Whitney
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 468-8000
Facsimile:   (212) 468-7900
khagberg@mofo.com
cwhitney@mofo.com

*Attorneys for Plaintiffs*

---

[1] Moreover, Defendants once again improperly try to rely on documents outside of the Complaint in their motion to dismiss.  On the last page of the reply brief, Defendants reference a May 16, 2009 ISO 13485 certification that is not referenced anywhere in the Complaint.  Reply Br. at 10.  Defendants' repeated attempts to rely on matters outside of the pleadings in their motion to dismiss should not be permitted.