UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEKISUI AMERICA CORPORATION and SEKISUI MEDICAL CO., LTD., <br><br>　　　　　　　　　　　Plaintiffs, <br><br>　　　　v. <br><br> RICHARD HART and MARIE LOUISE TRUDEL-HART, <br><br>　　　　　　　　　　　Defendants. | ECF CASE <br><br> Civil Action No. 12-CV-3560 (SAS) <br><br> **PLAINTIFFS' ANSWER TO AMENDED COUNTERCLAIMS** |

　　　　Plaintiffs Sekisui America Corporation ("SAC") and Sekisui Medical Co., Ltd. ("SMD" and, together with SAC, "Sekisui"), by their attorneys Morrison & Foerster LLP, answer the Amended Counterclaims of Defendants Richard Hart and Marie Louise Trudel-Hart (together, "Harts"), dated November 13, 2012 (the "Amended Counterclaims"), in the above-captioned action as follows:

　　　　1.　　Admit the allegations in Paragraph 1 of the Amended Counterclaims, except aver that the proper name of SAC's parent company is Sekisui Chemical Co., Ltd.

　　　　2.　　Admit the allegations in Paragraph 2 of the Amended Counterclaims, except aver that the proper name of SMD's parent company is Sekisui Chemical Co., Ltd.

　　　　3.　　Deny the allegations in Paragraph 3 of the Amended Counterclaims except admit that the Stock Purchase Agreement was executed in 2009, SMD was involved in the negotiation of that agreement, and Harts are purporting to seek release of escrowed funds, and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 4 of the Amended Counterclaims, and deny the remaining allegations in Paragraph 4 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

5. Deny the allegations in Paragraph 5 of the Amended Counterclaims.

6. Deny the allegations in Paragraph 6 of the Amended Counterclaims.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Counterclaims.

8. Admit the allegations in Paragraph 8 of the Amended Counterclaims.

9. Admit the allegations in the first and second sentences of Paragraph 9 of the Amended Counterclaims, and deny the allegations in the third sentence of Paragraph 9 of the Amended Counterclaims except admit that SMD was involved in the negotiation of the SPA on behalf of SAC.

10. Aver that the allegations in Paragraph 10 of the Amended Counterclaims are legal conclusions to which no response is required.

11. Aver that the allegations in Paragraph 11 of the Amended Counterclaims are legal conclusions to which no response is required.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Counterclaims.

13. Deny the allegations in Paragraph 13 of the Amended Counterclaims except admit that the Stock Purchase Agreement was executed on or around March 5,

ny-1066879

2

2009 and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

14. Deny the allegations in Paragraph 14 of the Amended Counterclaims, except admit that the sale of ADI closed on or about April 20, 2009.

15. Deny the allegations in Paragraph 15 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

16. Deny the allegations in Paragraph 16 of the Amended Counterclaims and refer to the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for its terms.

17. Deny the allegations in Paragraph 17 of the Amended Counterclaims and refer to the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for its terms.

18. Deny the allegations in Paragraph 18 of the Amended Counterclaims and refer to the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for its terms.

19. Deny the allegations in Paragraph 19 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, and the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for their terms.

20. Deny the allegations in Paragraph 20 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

21. Deny the allegations in Paragraph 21 of the Amended Counterclaims and refer to the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for their terms.

22. Deny the allegations in Paragraph 22 of the Amended Counterclaims and refer to the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for its terms.

23. Deny the allegations in Paragraph 23 of the Amended Counterclaims and refer to the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for its terms.

24. Deny the allegations in Paragraph 24 of the Amended Counterclaims and refer to the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for its terms.

25. Deny the allegations in Paragraph 25 of the Amended Counterclaims, except admit that SAC sent Defendants a Claim Notice for Indemnification from the Principal Shareholders on October 14, 2010, attached as Exhibit C to the Amended Counterclaims, and refer to the Claim Notice for Indemnification from the Principal Shareholders, attached as Exhibit C to the Amended Counterclaims, for a complete recitation of its terms.

26. Deny the allegations in Paragraph 26 of the Amended Counterclaims and refer to the Claim Notice for Indemnification from the Principal Shareholders, attached as Exhibit C to the Amended Counterclaims, for its terms.

27. Deny the allegations in Paragraph 27 of the Amended Counterclaims.

28. Deny the allegations in Paragraph 28 of the Amended Counterclaims except admit that SAC sent U.S. Bank an Indemnification Claim Certificate of Instruction on October 14, 2010 and refer to the Indemnification Claim Certificate of Instruction, partially attached as Exhibit D to the Amended Counterclaims, for its terms.

29. Deny the allegations in Paragraph 29 of the Amended Counterclaims.

30. Deny the allegations in Paragraph 30 of the Amended Counterclaims.

31. Deny the allegations in Paragraph 31 of the Amended Counterclaims and refer to the Claim Objection, attached as Exhibit E to the Amended Counterclaims, for its terms.

32. Deny the allegations in Paragraph 32 of the Amended Counterclaims and refer to the Claim Objection, attached as Exhibit E to the Amended Counterclaims, for its terms.

33. Deny the allegations in Paragraph 33 of the Amended Counterclaims and refer to the Indemnification Claim Objection Certificate, attached as Exhibit F to the Amended Counterclaims, for its terms.

34. Deny the allegations in Paragraph 34 of the Amended Counterclaims.

35. Deny the allegations in Paragraph 35 of the Amended Counterclaims and refer to the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for its terms.

36. Deny the allegations in Paragraph 36 of the Amended Counterclaims.

37. Deny the allegations in Paragraph 37 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 38 of the Amended Counterclaims, and deny the remaining allegations in Paragraph 38 of the Amended Counterclaims and refer to Exhibit G of the Amended Counterclaims.

39.     Deny the allegations in Paragraph 39 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

40.     Deny the allegations in Paragraph 40 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

41.     Deny the allegations in Paragraph 41 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

42.     Deny the allegations in Paragraph 42 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

43.     Deny the allegations in Paragraph 43 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

44.     Deny the allegations in Paragraph 44 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

45. Deny the allegations in Paragraph 45 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

46. Deny the allegations in Paragraph 46 of the Amended Counterclaims, aver that "it" is not defined, and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

47. Deny the allegations in Paragraph 47 of the Amended Counterclaims.

48. Deny the allegations in Paragraph 48 of the Amended Counterclaims.

49. Deny the allegations in Paragraph 49 of the Amended Counterclaims.

50. Deny the allegations in Paragraph 50 of the Amended Counterclaims.

51. Deny the allegations in Paragraph 51 of the Amended Counterclaims.

52. Deny the allegations in Paragraph 52 of the Amended Counterclaims.

53. Deny the allegations in Paragraph 53 of the Amended Counterclaims.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

54. Sekisui hereby repeats and incorporates its responses to each of the aforementioned allegations as if fully set forth herein.

55. Deny the allegations in Paragraph 55 of the Amended Counterclaims.

56. Deny the allegations in Paragraph 56 of the Amended Counterclaims.

57. Deny the allegations in Paragraph 57 of the Amended Counterclaims.

58. Deny the allegations in Paragraph 58 of the Amended Counterclaims and refer to the Escrow Agreement, attached as Exhibit A to the Amended Counterclaims, for its terms.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Counterclaims.

60.     Deny the allegations in Paragraph 60 of the Amended Counterclaims.

## SECOND CAUSE OF ACTION

### Breach of Contract

61.     Sekisui hereby repeats and incorporates its responses to each of the aforementioned allegations as if fully set forth herein.

62.     Deny the allegations in Paragraph 62 of the Amended Counterclaims and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

63.     Aver that the allegations in Paragraph 63 of the Amended Counterclaims are legal conclusions to which no response is required, and refer to the Stock Purchase Agreement, attached as Exhibit B to the Amended Counterclaims, for its terms.

64.     Deny the allegations in Paragraph 64 of the Amended Counterclaims.

65.     Deny the allegations in Paragraph 65 of the Amended Counterclaims.

66.     Deny the allegations in Paragraph 66 of the Amended Counterclaims.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Sekisui alleges as follows, without assuming any burden of pleading or proof that would otherwise rest with Harts, and without waiving and hereby expressly reserving the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefore:

## FIRST AFFIRMATIVE DEFENSE

67. The Amended Counterclaims fail, in whole or in part, to state a claim against Sekisui upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

68. The relief sought in the Amended Counterclaims is barred because Harts have breached the terms of the Stock Purchase Agreement, the Escrow Agreement and/or the Employment Agreement, dated April 20, 2009.

## THIRD AFFIRMATIVE DEFENSE

69. The relief sought in the Amended Counterclaims is barred because Harts have failed to satisfy the requirements of the Stock Purchase Agreement and/or the Escrow Agreement.

## FOURTH AFFIRMATIVE DEFENSE

70. The relief sought in the Amended Counterclaims is barred because of Harts' fraud.

## FIFTH AFFIRMATIVE DEFENSE

71. The relief sought in the Amended Counterclaims is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

72. The relief sought in the Amended Counterclaims is barred, in whole or in part, by the doctrines of waiver and/or equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

73. The relief sought in the Amended Counterclaims is barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

74. The relief sought in the Amended Counterclaims is barred, in whole or in part, because Harts have not suffered any damages or harm.

### NINTH AFFIRMATIVE DEFENSE

75. The relief sought in the Amended Counterclaims is barred, in whole or in part, because Harts have failed to mitigate damages, if any.

### PRAYER FOR RELIEF

WHEREFORE, Sekisui respectfully requests judgment as follows:

A. Dismissing the Amended Counterclaims with prejudice;

B. Awarding attorneys' fees and costs to Sekisui; and

C. Granting Sekisui such other legal and equitable relief as may be available and as the Court deems just and proper.

Dated:  November 30, 2012                MORRISON & FOERSTER LLP

By: /s/ Karen L. Hagberg
Karen L. Hagberg
Craig B. Whitney

1290 Avenue of the Americas
New York, NY  10104
Telephone: (212) 468-8000
Facsimile:  (212) 468-7900
khagberg@mofo.com
cwhitney@mofo.com

Attorneys for Plaintiffs
*Sekisui America Corporation and Sekisui Medical Co., Ltd.*