

# SULLIVAN & WORCESTER

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

March 22, 2013

**BY HAND**

Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl St., Room 1620
New York, NY 10007

*[Handwritten note:]* A conference is scheduled for April 5, 2013 at 4:30 p.m. So Ordered
Shira A. Scheindlin
USDJ

*[Stamped:]* 3/27/13   3/27/13

Re:   Sekisui America Corporation et al. v. Hart, 12 CV 3479 (SAS)

Dear Judge Scheindlin:

We represent defendants Richard Hart and Marie Louise Trudel-Hart (the "Harts") in the above-captioned action. We write to request a conference to address Plaintiffs' destruction of electronically-stored information (the "ESI"), including the destruction of all email folders belonging to Defendant Richard Hart. By Plaintiffs' own account, the destruction occurred five months after they notified the Harts of their claim for breach and, thus, well after their obligation to preserve evidence arose. Plaintiffs also admitted to destroying the email folders for eight other custodians, all of whom the Harts had identified as relevant custodians and five of whom the Harts identified in their Rule 26(a) disclosures.

Plaintiffs failed to issue a litigation hold at the time of their notice of claim. Even after issuing a written litigation hold, which occurred at least fifteen months after serving the notice of claim, Plaintiffs' destruction of the ESI continued. Despite our request for detailed and specific information regarding Plaintiffs' deletion of the ESI, we have not been able to determine the full scope of Plaintiffs' destruction of evidence.

Destruction of relevant and discoverable ESI under any circumstances is egregious. In this case, it is extremely damaging to Defendants. Plaintiffs have argued, repeatedly, that Mr. Hart created and actively concealed unlawful and dangerous conditions at ADI. Because Mr. Hart's conduct is central to the issues in this litigation, his testimony is vital, but Mr. Hart is suffering from a condition that may render him too ill to testify or be deposed. His emails and other ESI destroyed by Plaintiffs may be the only method by which Mr. Hart could speak for himself on these issues. Due to Plaintiffs' conduct, Mr. Hart will not have even that ability.[1] We believe that Plaintiffs' case is not supported by any documents, but relies solely on the say-so of its employee witnesses. Plaintiffs have destroyed documents which we believe would have disproved Plaintiffs' allegations.

Plaintiffs commenced this action for breach of representations and warranties in a stock purchase agreement (the "SPA") dated March 5, 2009 between Plaintiffs and the Harts. Plaintiffs entered the SPA to acquire American Diagnostica, Inc. ("ADI"). Plaintiffs' obligation to preserve evidence in this case arose certainly no later than October 14, 2010,

---

[1] Sekisui claims that by searching other custodian email folders, they have recovered 30,000 Richard Hart emails. This is wholly insufficient. Searching existing mailboxes of other custodians only identifies sent and received emails that were not deleted by that custodian. It is futile for recovering emails between persons whose files were destroyed.

when Plaintiffs sent the Harts a claim notice asserting a right to indemnification for the breaches alleged here. See *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003). The claim notice sought at least $12.5 million in damages—damages Plaintiffs knew they could establish and collect only through litigation. On November 9, 2010, the Harts responded, disputing the claim notice in its entirety. Efforts to resolve the dispute failed, and Plaintiffs initiated this litigation on May 2, 2012.

In connection with their ESI discovery obligations, the parties met and conferred several times. On January 14, 2013, we sent the Harts' proposed list of search terms and custodians to Plaintiffs' counsel. Among other custodians, the Harts listed Richard Hart, Leigh Ayres, Vince Forte, Robert Greenfield, Kevin Morrissey, Charles Roy, Janet Silbert, David Teicher, Michael Smirnov, Melissa Knight, Abha Malik, Chris Markline, Megan Miller, Adrian Nugent, and Joseph Azary. We have reason to believe that some or all of the ESI of all of these custodians was destroyed.[2]

On February 8, 2013, Sekisui's counsel sent us an email attaching Sekisui's revisions to the Harts' proposed search terms. The email also attached a document entitled, "Sekisui Document Collection Information" (the "Data Destruction Disclosure"). The Data Destruction Disclosure provided a tally of the documents collected for certain custodians, and then stated that Sekisui's IT vendor, Northeast Computer Systems ("NCS"), did "not have email folders for certain former ADI employees, including Richard Hart, Melissa Knight, Charles Roy, Janet Silbert and Michael Smirnov."

The Data Destruction Disclosure also stated that "Mr. Hart's [ADI] email files were deleted in March 2011 at the direction of Dicey Taylor," whom Sekisui hired in or around May 2009 as ADI's Human Resources and Office Manager. The Data Destruction Disclosure further stated that "Ms. Taylor also directed the deletion of email boxes for additional former employees," but did not identify any date(s) or date range(s) on which these files had been deleted, or why Ms. Taylor had directed the deletion of the ESI.

On February 12, 2013, the Harts requested additional information regarding Sekisui's destruction of ESI. Sekisui responded to the Harts' requests on March 8, 2013 (the "Response"). The Response revealed that Sekisui did not send a document preservation notice to its U.S. employees until January 31, 2012, fifteen months after it sent its claim notice, and that Sekisui did not send a document preservation notice to NCS until July 26, 2012, three months after it filed the Complaint in this case.

The Response also confirmed that Sekisui had destroyed the following custodians' email folders: Richard Hart, Melissa Knight, Charles Roy, Janet Silbert, Michael Smirnov, Abha Malik, Chris Markline, Megan Miller, and Adrian Nugent. Except for Richard Hart, Sekisui did not provide information about the date of destruction for the custodians' accounts, and the information Sekisui did provide demonstrates that certain custodians' accounts were deleted after Sekisui sent its document preservation notice. For example, Michael Smirnov, one of the custodians for whom Sekisui has no ESI, did not leave Sekisui until March 2012. ESI for certain other custodians, including Leigh Ayres, Joseph Azary, Vince Forte, Robert Greenfield, David Teicher, and Kevin Morrissey, may have been deleted. We believe that destruction of these custodians' ESI has occurred based on the quantity of ESI collected for

---

[2] We believe that some or all of Melissa Knight's ESI was destroyed after Sekisui acquired ADI but before it served the claim notice. Accordingly, we are not certain that Sekisui anticipated this litigation before Melissa Knight's ESI was destroyed.

Hon. Shira A. Scheindlin
Page 3
March 22, 2013

these custodians as compared to other custodians who were at ADI/Sekisui for the same or longer periods of time.

Sekisui has provided no explanation for why it failed timely to institute document retention, or why, despite the hold it says was issued, destruction of evidence continued. Sekisui's sole justification for its data destruction is that it needed more room on its servers: Richard Hart's "archived email folder was deleted … to address server congestion issues"; "certain other former ADI employees' archived email folders" were also deleted "in order to free up space on the company's servers."

Sekisui's destruction of evidence warrants the imposition of sanctions. A party's failure to preserve evidence, "resulting in the loss or destruction of relevant information[,]" constitutes at least negligence. *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 464 (S.D.N.Y. 2010). "[T]he intentional destruction of relevant records, either paper or electronic, after the duty to preserve has attached, is willful." *Id.* By its own account, Sekisui failed to take "all necessary steps to guarantee that relevant data was both preserved and produced." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) ("*Zubulake II*"). Sekisui's own account also demonstrates its willful, wanton and reckless disregard for its discovery obligations. *See Pension Comm.*, 685 F. Supp. 2d at 464.

The Harts respectfully request that the Court impose an adverse inference of spoliation and an adverse inference to any Sekisui witness testifying to any condition allegedly due to Mr. Hart's actions or as to which he allegedly had knowledge. *See id.* at 467; *see also In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 192 (S.D.N.Y. 2007); *Zubulake II*, 229 F.R.D. at 431. In addition, the Court should award the Harts the fees and costs associated with this application to the Court. The Harts also request that the Court award any additional fees and costs that may be incurred as a result of Sekisui's spoliation. *See In re NTL*, 244 F.R.D. at 201. We have reason to believe, based on review of the evidence produced by Sekisui and available to us, that Sekisui's allegations are utterly without support in any document, but apparently solely supported by the say-so of their witnesses. If this proves to be the case at trial, we respectfully request that Sekisui be sanctioned in the amount of the legal fees required to defend the case.

Finally, in a continued effort to conclude this litigation, the parties have agreed to further mediation. The session is scheduled for April 3, 2012.

Respectfully submitted,

*Franklin B. Velie/s*

Franklin B. Velie

Direct line: (212) 660-3037
fvelie@sandw.com

cc:   Karen L. Hagberg, Esq.
      Craig B. Whitney, Esq.