UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEKISUI AMERICA CORPORATION and SEKISUI MEDICAL CO. LTD.,<br><br>      Plaintiffs,<br><br>            v.<br><br>RICHARD HART and MARIE LOUISE TRUDEL-HART,<br><br>      Defendants. | 12 Civ. 3479 (SAS) (FM) |
| RICHARD HART and MARIE LOUISE TRUDEL-HART,<br><br>      Plaintiffs,<br><br>            v.<br><br>SEKISUI AMERICA CORPORATION and SEKISUI MEDICAL CO. LTD.,<br><br>      Defendants. | 12 Civ. 3560 (SAS) (FM) |

**DEFENDANTS' OBJECTIONS TO**
**<u>MAGISTRATE JUDGE'S ORDER DENYING SANCTIONS</u>**

                                            SULLIVAN & WORCESTER LLP
                                            Franklin B. Velie
                                            Jonathan G. Kortmansky
                                            Siobhan Briley
                                            1633 Broadway, 32nd Floor
                                            New York, NY 10019
                                            (212) 660-3000
                                            (212) 660-3001 (fax)

                                            *Counsel for Defendants*
                                            *Richard Hart and Marie Louise Trudel-Hart*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

FACTS ................................................................................................................................... 3

I.   Plaintiffs Destroyed ESI of Three Critical Witnesses for the Harts ..................................... 3

II.  Plaintiffs Intentionally Destroyed Relevant ESI After the Duty to
     Preserve Attached ............................................................................................................. 4

III. Magistrate Judge Maas's Order ......................................................................................... 8

STANDARD OF REVIEW ..................................................................................................... 9

ARGUMENT .......................................................................................................................... 10

I.   Magistrate Judge Maas's Order was Contrary to Law ....................................................... 10

II.  The Harts Established Prejudice ....................................................................................... 13

III. Magistrate Judge Maas Clearly Erred in Crediting Plaintiffs' Counsel's Unconfirmed
     Representations Over the Harts' Competent Proof ........................................................... 15

CONCLUSION ....................................................................................................................... 17

# **TABLE OF AUTHORITIES**

*Cases*

*Chin v. Port Auth. of N.Y. & N.J.*,
   685 F.3d 135 (2d Cir. 2012) ................................................................................................... 15

*Gucci Am., Inc. v. Guess?, Inc.*,
   2011 WL 9375 (S.D.N.Y. Jan. 3, 2011) ......................................................................... 10, 15-16

*Kronisch v. United States*,
   150 F.3d 112 (2d Cir. 1998) ..................................................................................................... 11

*Orbit One Communications, Inc. v. Numerex Corp.*,
   271 F.R.D. 429 (S.D.N.Y. 2010) ........................................................................................ 11, 12

*Pension Committee of the University of Montreal Pension Plan v. Banc of Am. Sec. LLC*,
   685 F. Supp. 2d 456 (S.D.N.Y. 2010) ............................................................................... passim

*Residential Funding Corporation v. DeGeorge Financial Corporation*,
   306 F.3d 99 (2d Cir. 2002) ............................................................................................... passim

*Rimkus Consulting Group, Inc. v. Cammarata*,
   688 F. Supp. 2d 598 (S.D. Tex. 2010) ................................................................................ 11, 12

*Treppel v. Biovail Corp.*,
   249 F.R.D. 111 (S.D.N.Y. 2008) ....................................................................................... passim

*Victor Stanley, Inc. v. Creative Pipe, Inc.*,
   269 F.R.D. 497 (D. Md. 2010) ........................................................................................... 11, 12

*Zubulake v. UBS Warburg LLC*,
   220 F.R.D. 212 (S.D.N.Y. 2003) ............................................................................................. 10

*Zubulake v. UBS Warburg LLC*,
   229 F.R.D. 422 (S.D.N.Y. 2004) ......................................................................... 1, 10, 11, 12

*Statutes*

28 U.S.C. § 636(b)(1)(A) ............................................................................................................ 1, 9

*Rules*

Federal Rule of Civil Procedure 72(a) ........................................................................................ 1, 9

Defendants Richard Hart ("Mr. Hart") and Marie Louise Trudel-Hart ("Ms. Trudel-Hart") (together, the "Harts") object to the Memorandum Decision of Magistrate Judge Maas entered on June 10, 2013 (the "Order") pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  The Order, finding that Plaintiffs destroyed electronically-stored information ("ESI") "with the requisite culpable state of mind," did not enter any sanction against Plaintiffs, holding that the Harts failed to establish prejudice.  As shown below, the Order is contrary to law, as Magistrate Judge Maas disregarded the governing authority established by this Court in *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004), and *Pension Committee of the University of Montreal Pension Plan v. Banc of Am. Sec. LLC*, 685 F. Supp. 2d 456 (S.D.N.Y. 2010), and by the Second Circuit in *Residential Funding Corporation v. DeGeorge Financial Corporation*, 306 F.3d 99 (2d Cir. 2002), and is clearly erroneous.

## INTRODUCTION

Plaintiffs Sekisui America Corporation and Sekisui Medical Co., Ltd. ("Plaintiffs" or "Sekisui") filed suit seeking damages and rescission, claiming that the Harts breached a warranty in the Stock Purchase Agreement (the "SPA") for the sale of American Diagnostica, Inc. ("ADI") that stated ADI was in compliance with United States Food and Drug Administration ("FDA") regulations, and that the Harts made misrepresentations regarding a 510(k) submission to the FDA for FEMTELLE, a breast cancer diagnostic product.[1]  Plaintiffs do not contest that they intentionally deleted the ESI of three key witnesses when they had a duty to preserve it.  The following is not in dispute:

---

[1] The claims were made despite the fact that the SPA contains no representations or warranties regarding FEMTELLE and that, prior to the sale, ADI passed five audits by outside parties, including the FDA, as well as lengthy due diligence by Plaintiffs.  Two further audits post-sale disclosed no material failure to comply with FDA regulations.

- Plaintiffs' duty to preserve evidence arose no later than October 14, 2010, when they sent a Notice of Claim to the Harts.[2]  Having served their Notice of Claim, Plaintiffs failed to implement a document hold *for the next fifteen months*.  Critical to the preservation of evidence is the support of the information technology ("IT") manager.  Plaintiffs, however, failed to notify or instruct the outside vendor managing ADI's computer operations to preserve ESI for *twenty-one months* following the Notice of Claim.

- During the period between the Notice of Claim and the implementation of a document hold, Plaintiffs engaged in the intentional wholesale destruction of ESI of at least two critical witnesses.  First, five months following the Notice of Claim, Plaintiffs, over their IT vendor's objection, ordered the deletion in its entirety of the ESI of Defendant Richard Hart save for certain ESI hand-selected by Plaintiffs.  Second, one-year following the Notice of Claim, Plaintiffs' Chief Operating Officer ("COO") (who was also the individual responsible for building the case against the Harts) authorized the deletion of all of Leigh Ayres' email data from the Exchange Outlook server, "totally into cyberspace.  Do not archive."  Ms. Ayers was the employee responsible for ADI's FDA compliance, *i.e.*, the issue at the heart of Plaintiffs' claims.

- Even after they finally implemented a document hold, Plaintiffs continued to engage in the wholesale destruction of ESI.  Two months (or more) after the litigation hold was finally implemented, Plaintiffs completely deleted Michael Smirnov's ESI.  Mr. Smirnov was the employee responsible for shepherding the 510(k) for FEMTELLE through the FDA approval process.  This 510(k) submission also lies at the heart of Plaintiffs' claims.

Magistrate Judge Maas correctly concluded that the Harts had "convincingly established that Sekisui destroyed [Richard] Hart's emails with the requisite culpable state of mind."  That should have ended the analysis.  The intentional destruction of relevant evidence after the duty to preserve has attached constitutes willful spoliation.  *Pension Comm.*, 685 F. Supp. 2d at 464-465.  When spoliation is willful, prejudice is presumed; no further showing is required, and sanctions are warranted.  *Id*.  Magistrate Judge Maas refused to presume prejudice.

Instead, Magistrate Judge Maas held that "[the Harts] have not shown, as they must, that relevant information potentially helpful to them is no longer available[]" because "the Hart[s] have yet to produce – or even describe – so much as a single relevant email that Sekisui failed to produce," and refused to award sanctions.  Order at 11.  This ruling contravenes the law in this

---

[2] *See Pension Comm.*, 685 F. Supp. 2d at 465 (duty to preserve attaches where litigation is "reasonably foreseeable").

2

Circuit.  Willful destruction of ESI warrants sanctions regardless of whether the aggrieved party can point to particular pieces of evidence that have been destroyed.  *See Residential Funding Corp.*, 306 F.3d at 109; *see also Treppel v. Biovail Corp.*, 249 F.R.D. 111, 123 (S.D.N.Y. 2008) ("it is not incumbent upon [the innocent party] to show that specific documents were lost").

Finally, Magistrate Judge Maas also erred by crediting factually unsupported statements of Plaintiffs' counsel over the Harts' submission of competent evidence demonstrating prejudice and that Plaintiffs intentionally destroyed Ms. Ayres' and Mr. Smirnov's ESI.  The communications with ADI's founder, ADI's regulatory compliance officer, and ADI's scientist overseeing the disputed 510(k) would have contained the best contemporaneous evidence of a properly functioning company and the absence of the violations Plaintiffs allege.

## FACTS

### I.   Plaintiffs Destroyed ESI of Three Critical Witnesses for the Harts.

Plaintiffs do not dispute that Richard Hart, Leigh Ayres and Michael Smirnov are critical fact witnesses.

Mr. Hart is a defendant in this action.  Plaintiffs have repeatedly accused him of creating and concealing unlawful and dangerous conditions at ADI, and of making mis-representations regarding FEMTELLE.  *See, e.g.*, Compl. ¶¶ 38-40.  His knowledge and conduct are central to the issues in this litigation.  Mr. Hart, however, suffers from a cognitive disorder that renders him unable to testify.  *See* Letter from Haakon B. Nygaard, M.D., dated June 6, 2013, attached as Ex. 1 to Declaration of Siobhan Briley ("Briley Decl."), dated June 18, 2013.[3]

---

[3] The Harts had not yet received this letter when they submitted their evidence to Magistrate Judge Maas, but had represented to the Court that Mr. Hart was unavailable as a witness.  *See* Transcript of Hearing, dated Apr. 8, 2013, attached as Ex. 2 to Briley Decl., at 16:12-18.  The letter is consistent with the Harts' representations.

Ms. Ayres was ADI's Director of Quality Assurance and Regulatory Affairs ("QA/RA")—its compliance officer—for the entire period during which Plaintiffs allege ADI was noncompliant.  *See* Letter from Franklin B. Velie to Hon. Frank Maas, dated Apr. 19, 2013, attached as Ex. 3 to Briley Decl., p.2.  In addition to serving as the point person for all auditors, such as the FDA, Intertek and ADI's customers, Ms. Ayres was responsible for developing and implementing the protocols and procedures required by FDA regulations, many of which Plaintiffs claim ADI never had.

Mr. Smirnov was the Senior Scientist at ADI responsible for shepherding products from research and development through the regulatory approval process, *i.e.*, the 510(k) submission to the FDA.  *See* Email from Richard Hart to ADI employees, dated Aug. 14, 2008, attached as Ex. 4 to Briley Decl.  Plaintiffs allege that the Harts misrepresented the sufficiency of the data for the FEMTELLE 510(k) (*see* Compl. ¶¶ 32-34)—exactly the area Mr. Smirnov oversaw.

## II. Plaintiffs Intentionally Destroyed Relevant ESI After the Duty to Preserve Attached.

The Harts learned of Plaintiffs' destruction of Mr. Hart's ESI on February 8, 2013, during the parties' discussions about the search terms to be applied to ESI.  *See* Sekisui Document Information Collection (the "Data Destruction Disclosure") and cover email from Craig B. Whitney to Siobhan Briley, dated Feb. 8, 2013, attached as Ex. 5 to Briley Decl.  In the Data Destruction Disclosure, Plaintiffs admitted that they had deleted the email folder of Defendant Richard Hart in March 2011, and that the email folders of Michael Smirnov and three other former ADI employees were "missing."  *Id.*

The Harts immediately requested that Plaintiffs further explain their destruction of evidence.  *See* Letter from Jonathan G. Kortmansky to Karen L. Hagberg and Craig B. Whitney, dated Feb. 12, 2013, attached as Ex. 6 to Briley Decl.  In response, Plaintiffs disclosed that they

4

did not implement a litigation hold until January 2012, despite having served their Notice of Claim in October 2010, and that they did not notify their IT vendor, Northeast Computer Services ("NCS"), of the obligation to preserve evidence until July 26, 2012.  *See* Letter from Craig B. Whitney to Jonathan G. Kortmansky, dated Mar. 8, 2013, attached as Ex. 7 to Briley Decl., p.1.  Plaintiffs also admitted that the email folders of four additional former ADI employees—Abha Malik, Chris Markline, Megan Miller, and Adrian Nugent—had been destroyed.  *Id.* at 3.  Plaintiffs stated that they had "no record of any instruction to delete any former employee's archived email folder[.]"  *Id.*

On March 22, 2013, the Harts requested a conference with this Court regarding Plaintiffs' destruction of evidence.  *See* Letter from Franklin B. Velie to Hon. Shira A. Scheindlin, dated Mar. 22, 2013, attached as Ex. 8 to Briley Decl.  In their letter, the Harts identified six additional custodians whose email documents they believed had been deleted, including Ms. Ayres and Hugh Fryer, ADI's then-Director of Research and Development.  *Id.* at 2.

In response, Plaintiffs represented to this Court:  1) that the destruction of evidence was "largely due to the actions of a single former employee acting without direction"; 2) that the destruction all took place "in or around" March 2011; 3) that they had "no record of the deletion of any other email folders"; and 4) that the Harts' accusations of additional destruction of evidence were improper and baseless, thus representing to the Court that Plaintiffs had not destroyed Ms. Ayres' ESI.  Letter from Karen L. Hagberg to Hon. Shira A. Scheindlin, dated Mar. 27, 2013, attached as Ex. 9 to Briley Decl., pp.1-2.  With respect to their destruction of Richard Harts' email, Plaintiffs stated that the destruction was carried out by Dicey Taylor, Plaintiffs' Human Resources and Office Manager, who directed the deletion to "free up space" on the server.  *Id.* at 2.  Plaintiffs further stated that, before destroying the ESI, Plaintiffs hand-

5

selected and printed certain emails they believed were "pertinent." *Id.* Plaintiffs did not deny (and have never denied) deleting Michael Smirnov's email documents or that the deletion occurred after their litigation hold was issued. Their sole comment is that they are "still investigating the whereabouts" of this data. *Id.* at 2

On April 8, 2013, Magistrate Judge Maas heard argument. Plaintiffs admitted that all back-up tapes also had been destroyed and they were unable to recover any of the deleted emails. *See* Ex. 2 to Briley Decl., at 4:12-15. At the conclusion of the hearing, Magistrate Judge Maas ordered additional briefing, with Plaintiffs' submission due on April 15, 2013.

In their April 15, 2013 submission, Plaintiffs represented that their destruction of evidence was, "at most, negligent," that they had "voluntarily disclosed that [they] could not locate certain archived email folders and, as discussed, [have] engaged in extensive recovery efforts[.]" Letter from Karen L. Hagberg to Hon. Frank Maas, dated Apr. 15, 2013, attached as Ex. 10 to Briley Decl., p.2. Plaintiffs also reiterated "that the deletion of Mr. Hart's email folder was the act of a lone former employee without the consent or knowledge of Sekisui's management." *Id.* at 2-3. Plaintiffs dismissed the Harts' other allegations as "vague and unsubstantiated accusations," again representing to the Court that they had not destroyed, *inter alia*, Ms. Ayres' ESI. *Id.* at 3. Plaintiffs' submission attached no affidavit or other competent proof supporting any of their assertions.

Not satisfied with Plaintiffs' explanations, the Harts' counsel had continued their own investigation, reviewing the documents produced by Plaintiffs. By April 19, 2013, the Harts had unearthed the following additional evidence of willful, bad faith spoliation, and of Plaintiffs'

6

misrepresentations about their document destruction, which they submitted to Magistrate Judge Maas[4]:

- On October 20, 2011, Ms. Taylor wrote to Doug LeMasurier, "Please delete Leigh Ayres from the Exchange Outlook server – **totally into cyberspace. Do not archive.** Kevin [Morrissey] has approved this removal."[5]  Email from Dicey Taylor to Doug LeMasurier, dated Oct. 20, 2011 (SEK00977946-47), attached as Ex. 11 to Briley Decl.

- On April 12, 2012, Jamie Wallace, another NCS employee, wrote to Mr. LeMasurier in response to a request for information from Yoichi Tamenori, Plaintiffs' Site Manager:

    Several months ago, maybe in the summer, Dicey [Taylor] told me to delete Richard[] [Hart's] mailbox.  I followed this by 'are you sure? are you sure? are you sure?'  She was very certain that she wanted it deleted, apparently she thought that there wasn't any more useful information or whatever they needed they captured.  I would have personally archived it. … I thought I heard that Richard's email had been combed through by the Sekisui lawyers before Dicey told me to delete it.  Email from Doug LeMasurier to Toni Franchina, dated Apr. 26, 2012 (SEK01235230-32), attached as Ex. 12 to Briley Decl.

- On June 20, 2012, Mr. LeMasurier told Mr. Tamenori:

    Richard Hart's mailbox was deleted and cannot be retrieved, there is no backup of this file.  We recommended that it not be deleted, but we were instructed by an American Diagnostica employee to delete the file.  Email from Doug LeMasurier to Yoichi Tamenori, dated June 20, 2012 (SEK01254331), attached as Ex. 13 to Briley Decl.

- Prior to deleting it, Plaintiffs showed Ms. Ayres' ESI to the litigation expert assisting in evaluating ADI's compliance with FDA regulations.  *See* Report issued by Advanced Quality Solutions, Inc., regarding American Diagnostica, Inc., dated October 16, 2010 (SEK01819900), attached as Ex. 14 to Briley Decl.

---

[4] *See* Letter from Franklin B. Velie to Hon. Frank Maas, dated Apr. 19, 2013, attached as Ex. 3 to Briley Decl.

[5] This directive was issued in response to a request from Joseph Azary, ADI's then-Director of Quality Assurance and Regulatory Affairs, to Kevin Morrissey to "get rid of Leigh Ayres' email **address**."  Ex. 11 to Briley Decl., at SEK00977947 (emphasis added).  Kevin Morrissey was Plaintiffs' President and Chief Operating Officer, and the individual responsible for building the case against the Harts.  Mr. Azary pointed out that, since Ms. Ayres had left the company, keeping her email address only resulted in the accumulation of junk mail.  *Id.*  The obliteration of Ms. Ayres' ESI "from the Exchange Outlook server" was neither requested nor appropriate.  Indeed, invocation of Mr. Morrissey's name in the direction to destroy the records and not to archive them can only have been done to overcome the natural disinclination of NCS to destroy records.

7

On April 24, 2013, Plaintiffs submitted a sur-reply, finally acknowledging that they had obliterated Ms. Ayres' email documents but arguing that the data was deleted "for the sole purpose of removing emails that were unnecessary for the continued operation of ADI's business." Letter from Karen L. Hagberg to Hon. Frank Maas, dated Apr. 24, 2013, attached as Ex. 15 to Briley Decl., p.1. Again, Plaintiffs submitted no affidavit or other competent proof in support of this assertion. Plaintiffs offered no explanation for their false representation that Ms. Taylor had acted alone and without direction from management.

On April 25, 2013, the Harts pointed out that Plaintiffs' explanation for the deletion of Ms. Ayres' email data was not credible. Letter from Franklin B. Velie to Hon. Frank Maas, dated Apr. 25, 2013, attached as Ex. 16 to Briley Decl., p.2. Mr. Azary had asked Mr. Morrissey to remove Ms. Ayres' email **address**, not her email **data**. *See* Ex. 11 to Briley Decl., SEK00977947. In response, Mr. Morrissey directed the obliteration of the entirety of Ms. Ayres' email data and instructed, "Do not archive." *Id.* at SEK00799746. Ms. Taylor then duly relayed this instruction to the NCS employee.

### III. Magistrate Judge Maas's Order.

In the Order, Magistrate Judge Maas found that Plaintiffs failed to implement a litigation hold for at least fifteen months after the obligation to preserve evidence attached. Order at 3. He further found that Plaintiffs did not notify NCS, the IT vendor managing ADI's computer systems, of the obligation to preserve ESI until July 26, 2012, *i.e.*, six months after the purported implementation of the document hold, and three months after Plaintiffs filed this lawsuit. *Id.* Magistrate Judge Maas further found that, during the period in which a document hold should have been implemented, Plaintiffs authorized the wholesale destruction of ESI of Defendant Richard Hart and of Leigh Ayres, both important witnesses in the litigation. *Id.* at 3-4; 18. Magistrate Judge Maas further found that, after the implementation of the document hold,

8

Michael Smirnov's ESI disappeared, without any explanation from Plaintiffs. *Id.* at 18, n.5. Most important, Magistrate Judge Maas expressly determined that Plaintiffs acted with the "requisite culpable state of mind" in destroying Mr. Hart's ESI. *Id.* at 11.

Magistrate Judge Maas, however, refused to award sanctions holding that despite establishing culpable conduct, "[the Harts] have not shown, as they must, that relevant information potentially helpful to them is no longer available[]" because "the Hart[s] have yet to produce – or even describe – so much as a single relevant email that Sekisui failed to produce." *Id.* at 11.

Magistrate Judge Maas did not address Plaintiffs' culpability for destroying Ms. Ayres' ESI. He found that Mr. Morrissey, Plaintiffs' President and COO, had directed the deletion and that Ms. Ayres' was "the ADI employee responsible for ensuring ADI's compliance with FDA regulations," but he found "no basis for this Court to conclude that the [Harts] have been prejudiced by" the obliteration of Ms. Ayres' ESI. *Id.* at 18. Magistrate Judge Maas did not take note of the fact that, prior to its deletion, Ms. Ayres' ESI had been shown to the expert consultant for preparation of a report for which Plaintiffs would later claim work product privilege, *i.e.*, that the report was prepared in anticipation of litigation. Magistrate Judge Maas failed to address Plaintiffs' culpability for deleting Mr. Smirnov's ESI or the harm this destruction caused the Harts. Instead, he excused the spoliation because *Plaintiffs* had provided no explanation for it. *Id.* at 18 n.5.

## STANDARD OF REVIEW

This Court must set aside "any part" of a Magistrate Judge's order on a nondispositive matter "that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A Magistrate Judge's order is considered 'contrary to law' when it 'fails to

9

apply or misapplies relevant statutes, case law, or rules of procedure.' Further, if 'on the entire evidence, [the court] is left with the definite and firm conviction that a mistake has been committed,' such an order is deemed 'clearly erroneous.'" *Gucci Am., Inc. v. Guess?, Inc.*, 2011 WL 9375, at *1 (S.D.N.Y. Jan. 3, 2011).

## ARGUMENT

**I.      Magistrate Judge Maas's Order was Contrary to Law.**

Sanctions for the spoliation of evidence are warranted where the innocent party has shown that "the spoliating party (1) had control over the evidence and an obligation to preserve it at the time of destruction or loss; (2) acted with a culpable state of mind; and (3) the missing evidence is relevant to the innocent party's claim or defense." *Pension Comm.*, 685 F. Supp. 2d at 467.

"The intentional destruction of relevant records, either paper or electronic, after the duty to preserve has attached, is willful." *Id.* at 464-65; *see also Residential Funding Corp.*, 306 F.3d at 109 ("Where a party destroys evidence in bad faith, that bad faith alone is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to that party."); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 431 (S.D.N.Y. 2004) ("*Zubulake II*") ("When evidence is destroyed in bad faith (*i.e.*, intentionally or willfully), that fact alone is sufficient to demonstrate relevance."); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 221 (S.D.N.Y. 2003) ("*Zubulake I*") (where spoliation is willful, "the spoliator's mental culpability itself [is] evidence of the relevance of the documents destroyed"). When spoliation is willful, prejudice is presumed; no further showing is required and sanctions are warranted. *Pension Comm*, 685 F. Supp. 2d at 464-465. *Id*

In direct contravention of well-established law, Magistrate Judge Maas refused to award sanctions despite having found that Sekisui had destroyed ESI with the requisite culpable state of

10

mind.  Order at 11.  Instead, Magistrate Judge Maas held that because the Harts had not "pointed to" even "a single relevant email that Sekisui failed to produce," they had failed to carry their burden.  *Id.*  This Court and the Second Circuit, however, have specifically rejected any requirement that the innocent party show that "specific documents were lost."  *Treppel*, 249 F.R.D. at 123.  Rather, it is sufficient for the innocent party "to demonstrate that certain types of relevant documents existed and" were destroyed.  *Id.*; *see also Zubulake II*, 229 F.R.D. at 437 (awarding sanctions for willful spoliation and noting that "[n]o one can ever know" the content of "irretrievably lost" emails); *Residential Funding Corp.*, 306 F.3d at 109 ("Courts must take care not to 'hold[ ] the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed [or unavailable] evidence,' because doing so 'would subvert the ... purposes of the adverse inference, and would allow parties who have ... destroyed evidence to profit from that destruction.'") (*quoting Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998)).  Indeed, the very authority cited in Magistrate Judge Maas's Order reiterates this holding.  *See Orbit One Communications, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 440 (S.D.N.Y. 2010) ("it is not incumbent upon the [innocent party] to show that specific documents were lost").  Magistrate Judge Maas's holding creates the perverse incentive for parties to engage in the intentional destruction of ESI, protected by the aggrieved party's inability to identify a specific email or document that no longer exists.

     The out-of-circuit cases cited in the Order to support rejection of sanctions in fact support the imposition of sanctions.  In both *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 538-39 (D. Md. 2010), and *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 653 (S.D. Tex. 2010), the court found that the document destruction was at least willful and imposed sanctions.  In *Victor Stanley*, the court found that the defendant had destroyed evidence

in bad faith in part because it had failed to implement a litigation hold and had deleted ESI "soon after" the plaintiff filed suit. *Victor Stanley*, 269 F.R.D. at 501.  Sanctions were warranted because defendant's deletions resulted in the loss of "[s]ubstantial amounts" evidence that could not be recovered.  *Id.*  In *Rimkus Consulting*, the court imposed sanctions despite the recovery of sufficient evidence to allow the plaintiff "to prosecute its claims and respond to the defenses." *Rimkus Consulting*, 688 F. Supp. 2d at 608, 653 (Rimkus was not "irreparably" prejudiced by defendants' spoliation).

      Here, Sekisui failed to implement a litigation hold and began deleting ESI "soon after" anticipating litigation.  *Victor Stanley*, 269 F.R.D. at 501.  However, unlike the facts in *Rimkus Consulting*, Sekisui's deletion of all of Richard Hart's ESI, all of Leigh Ayres' ESI and all of Michael Smirnov's ESI irreparably prejudices the Harts:  Plaintiffs obliterated the best contemporaneous evidence of the absence of the problems they allege.  No matter how many emails Plaintiffs purport they recovered after the fact, they cannot represent, let alone show, that they have recovered all of this evidence.  A good deal of ESI "potentially helpful" to the Harts' defense was "irretrievably lost." *Zubulake II*, 229 F.R.D. at 437.

      Nor does *Orbit One Communications* support Magistrate Judge Maas's ruling.  In *Orbit One*, the court determined that sanctions were not appropriate specifically because plaintiffs submitted *evidence* that no information was actually lost.  271 F.R.D. at 440, 443 n.5 (noting that the court held an evidentiary hearing in connection with the motion for sanctions).  The information plaintiff had deleted, which defendant claimed was relevant, had been retained on plaintiff's system.  *Id.* at 440.  In stark contrast, Sekisui failed to rebut any of the competent proof submitted by the Harts that relevant information is gone forever, and further submitted no competent proof to support any of its representations.  Indeed, Plaintiffs acknowledged in the

hearing before Magistrate Judge Maas that there were no back up tapes and that the ESI could not be recovered.  *See* Ex. 2 to Briley Decl., at 4:12-15.

Finally, the Order did not even address Plaintiffs' culpability with respect to the destruction of Ms. Ayers' and Mr. Smirnov's ESI.  Despite specifically finding that "the Harts have adduced evidence establishing that" Ms. Ayres' ESI was obliterated, that Plaintiffs' President and COO approved the deletion, and that the deletion occurred well after the obligation to preserve attached, Magistrate Judge Maas made no finding regarding Plaintiffs' culpability.  See Order at 19.  Instead, he said there was "no basis for this Court to conclude that the [Harts] have been prejudiced" by the destruction.  Id.  This holding was clearly erroneous.  The ESI was destroyed after the obligation to preserve arose, and the destruction was willful.  Further, the ESI was obliterated upon the order of the company Officer in charge of building the case against the Harts.  "[O]n the entire evidence," it is plain a "mistake has been committed."  *Gucci*, 2011 WL 9375, at *1.

With respect to Mr. Smirnov, Magistrate Judge Maas refused to make any findings with respect to Mr. Smirnov's ESI simply because the Plaintiffs provided no explanation for it.  *See* Order at 18 n.5, 19.  Judge Maas' determination runs completely afoul of the legal standards in this Circuit.  The Harts established that Mr. Smirnov's email was obliterated  after implementation of a litigation hold and that he is a key witness with respect to the matters at issue in this litigation.  These facts alone are sufficient to warrant sanctions.  *See Residential Funding Corp.*, 306 F.3d 107.

## II.     The Harts Established Prejudice.

Although not required to do so, the Harts established that they are prejudiced by Sekisui's destruction of evidence.  Sekisui's spoliation is particularly egregious.  Except for a single laptop, Plaintiffs completely controlled all relevant ESI from all key witnesses regarding the

13

issues in the litigation.  Plaintiffs also controlled the timing of the litigation.  Plaintiffs sent a Notice of Claim, reviewed the documents, kept those they thought would support their claims, and discarded the rest.  Plaintiffs then filed this litigation.

Indeed, the evidence showed that Plaintiffs' destruction of evidence was intended to impair the Harts' ability to defend themselves in this action.  Ms. Taylor selectively destroyed evidence, hand-picking documents she believed were "pertinent" and deleting the remainder, over the objection of ADI's vendor.  *See* Ex. 9 to Briley Decl., p.1.  In response to a request simply to de-activate an email account, Plaintiffs' President and COO—the person responsible for building the case against the Harts—specifically ordered the destruction of all ESI of the employee in charge of the very compliance issues he was claiming constituted a breach of the SPA.  *See* Ex. 11 to Briley Decl.

There can be no doubt that the Harts were prejudiced.  Mr. Hart founded ADI, ran it for thirty years, and built it into the company Plaintiffs wanted to acquire.  He is a defendant in this action and "obviously was a key player in the" acquisition.  Order at 4.  His ESI would have been contemporaneous evidence of ADI's operations prior to Plaintiffs' purchase.  It is plainly relevant to the Harts' defense.

Ms. Ayres, as ADI's Director of Quality Assurance and Regulatory Affairs ("QA/RA"), was the sole ADI employee in charge of regulatory compliance from January 1, 2006 to April 20, 2009—the relevant period.  Plaintiffs do not dispute this.  Plaintiffs do not dispute that, as the Director of QA/RA, Ms. Ayres was the point person who interacted with auditors from, *e.g.*, the FDA, Intertek, and ADI's customers.  Nor do they dispute that Ms. Ayres was responsible for developing and implementing the protocols and procedures required by FDA regulations.  Prior to destroying her ESI, Plaintiffs showed it to the litigation expert they retained to evaluate ADI's

14

compliance with FDA regulations. *See* Ex. 14 to Briley Decl, at SEK01819900. This alone demonstrates the relevance of Ms. Ayres' ESI. The ESI of Mr. Hart and Ms. Ayres together would have shown the day-to-day activities of a properly run and FDA-compliant medical device manufacturer. The Harts are not contending that they are missing a "smoking gun" document, as in *Zubulake II*. Rather, the absence of these records deprives them of the opportunity to demonstrate routine compliance, *i.e.*, the *absence* of problems. Certainly, "a reasonable trier of fact could find that" the destroyed evidence would support the Harts' defense, which is all that is required to warrant sanctions. *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012).

Plaintiffs' counsel's unsupported representations that Plaintiffs subsequently produced "nearly 7,000 emails and attachments" from Ms. Ayres' archived files and "at least 36,000 Hart emails," even if true, do not ameliorate the prejudice. Indeed, the existence of some ESI after spoliation suggests that Plaintiffs were picking and choosing from the record. Bearing this out, Plaintiffs have produced only eight emails from Ms. Ayres to Mr. Hart during the relevant three-and-a-half year period, and no emails between Richard Hart and Michael Smirnov.

The Harts are further prejudiced by the deletion of Mr. Hart's emails because Mr. Hart suffers from a cognitive disorder and is not fit to testify. *See* Ex. 1 to Briley Decl. His documents would have spoken for him, and his unavailability makes it virtually impossible to point out what was lost in the document destruction. Magistrate Judge Maas ignored this circumstance.

### III. Magistrate Judge Maas Clearly Erred in Crediting Plaintiffs' Counsel's Unconfirmed Representations Over the Harts' Competent Proof.

Finally, in crediting a number of Plaintiffs' counsel's representations that were unsupported by any proof, Magistrate Judge Maas clearly erred. *See Gucci*, 2011 WL 9375, at

*1 ("if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed," the Magistrate has clearly erred).  Other than the submission of a single email, which showed that the initial request regarding Ms. Ayres' ESI was to get rid of her email address so as not to accumulate more junk mail,[6] Plaintiffs submitted no competent proof whatsoever—no affidavit, no email, no other document supporting their representations.  Plaintiffs' counsel's representations were entitled to no consideration.  Disregarding the Harts' competent proof in favor of Plaintiffs' counsel's unconfirmed representations, many of which the Harts proved were false, is clearly erroneous.  This is not a situation where the Magistrate heard testimony and was in the best position to determine witnesses' credibility.  Here, Magistrate Judge Maas deliberately disregarded competent proof that conclusively established, under the law of this Circuit, that Plaintiffs acted in bad faith.  "[O]n the entire evidence," it is plain a "mistake has been committed."  *Id.*

---

[6] As shown, instead of de-activating the *address*, invoking the authority of ADI's President, Plaintiffs ordered the obliteration of Ms. Ayres' email *files*, and expressly instructed that they were not to be archived.

## **CONCLUSION**

Plaintiffs' conduct is unconscionable. Plaintiffs willfully destroyed relevant evidence. This alone, as a matter of law, justifies severe sanctions. Magistrate Judge Maas's Order ruling otherwise was contrary to law. In any event, the Harts showed prejudice. The Order's finding to the contrary was clearly erroneous. The Harts respectfully request that this Court strike Plaintiffs' pleadings or impose alternative sanctions, such as raising the burden of proof, imposing an adverse inference, or striking expert or other testimony as relevant records are missing.


Dated: New York, New York
      June 18, 2013

SULLIVAN & WORCESTER LLP


By: /s/Jonathan G. Kortmansky
    Franklin B. Velie
    Jonathan G. Kortmansky
    Siobhan Briley
1633 Broadway, 32nd Floor
New York, NY 10019
(212) 660-3000
(212) 660-3001 (fax)

*Counsel for Defendants*
*Richard Hart and Marie Louise Trudel-Hart*