UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEKISUI AMERICA CORPORATION and SEKISUI MEDICAL CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD HART and MARIE LOUISE TRUDEL-HART,<br><br>Defendants. | Civil Action No. 12-CV-3479 (SAS) (FM)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING SANCTIONS** |

Plaintiffs Sekisui America Corporation and Sekisui Medical Co., Ltd. (together, "Sekisui" or "Plaintiffs") submit this response to the objections raised by Defendants Richard Hart and Marie Louise Trudel-Hart (together, "Defendants") to Magistrate Judge Maas's Memorandum Decision of June 10, 2013 (the "Memorandum Decision"). The Memorandum Decision was entered in accordance with current and applicable Second Circuit law and is a decision based on a factual record that both parties briefed extensively and on which the Court heard oral argument and received supplemental briefing following the oral argument. The Memorandum Decision is not, as Defendants argue, clearly erroneous or contrary to law. Defendants have failed to meet their burden of showing that the Memorandum Decision should be modified or set aside under Rule 72 of the Federal Rules of Civil Procedure, and the decision should stand.

I.  **DEFENDANTS HAVE FAILED TO SHOW THAT THE MEMORANDUM DECISION IS CLEARLY ERRONEOUS OR CONTRARY TO LAW.**

The orders of a magistrate judges on non-dispositive issues are to be afforded "substantial deference." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007). Such orders may

be overturned only if found to constitute an abuse of discretion.  *Calingo v. Meridian Res. Co., LLC*, No. 11-cv-628, 2012 U.S. Dist. LEXIS 175433, at *8 (S.D.N.Y. Oct. 26, 2012).  A judge abuses his or her discretion where a decision rests on an error of law or on clearly erroneous fact-finding, or when the decision "cannot be located within the range of permissible decisions." *Arista Records v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (internal citation omitted).  Here, Defendants ask the Court not to afford deference to Magistrate Judge Maas's decision, but fail to meet their burden of showing that, in any respect, the Memorandum Decision is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Defendants' non-dispositive motion for sanctions due to spoliation of email documents was referred to Magistrate Judge Maas for adjudication on April 8, 2013 (*see* Order of Reference to a Magistrate Judge, Dkt. No. 38), and the Memorandum Decision appropriately resolved the issue by denying Defendants' motion.  Defendants have not shown that the decision constituted an abuse of discretion.  As is clearly set forth in the Memorandum Decision, Magistrate Judge Maas looked to recent and applicable Second Circuit law to determine the appropriate legal standard.  *See, e.g.,* Memorandum Decision at 6-7.  The legal standard applied by Magistrate Judge Maas comports with recent Second Circuit and Southern District of New York case law, which holds that sanctions based on the spoliation of evidence should be imposed only where the moving party can establish that there was an obligation to preserve evidence, the obliged party had a culpable state of mind, and the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *See*, *e.g.*, *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 431 (S.D.N.Y. 2010).

ny-1096196

Magistrate Judge Maas reviewed the full record before him—including the parties' numerous letter briefs, arguments at the April 8 hearing and exhibits and arguments submitted before and after the hearing—to determine Sekisui's document preservation obligations and state of mind, and whether the Defendants suffered any prejudice in the form of destruction of relevant emails. *Id.* at 8-11. Contrary to Defendants' statements in their Objection, Magistrate Judge Maas *did not find* that Plaintiffs' actions were willful—and therefore Defendants' entire premise for their Objection is flawed. Rather, Magistrate Judge Maas explicitly stated that Sekisui's failure to preserve certain emails constituted "at least negligence," and "may well rise to the level of gross negligence." Memorandum Opinion at 8-9. That was the finding regarding Sekisui's culpable state of mind—not willfulness, as Defendants falsely represent to the Court. (Defs' Objection to Magistrate Judge's Order Denying Sanctions ("Defs' Objection"), Dkt. No. 44, at 2-3.)

Following that finding, as required under applicable Second Circuit law, Magistrate Judge Maas considered all of the arguments and submissions and determined that the Defendants had not shown any prejudice resulting from the missing Hart emails. *Id.* at 11-12. Magistrate Judge Maas also correctly concluded that Defendants were not entitled to sanctions with regard to any other custodians' emails because they "have not made the showing necessary to secure an adverse inference instruction . . . [n]or have they shown that they have suffered any prejudice." *Id.* at 19. This holding fully comports with the applicable Second Circuit and Southern District of New York case law cited in the Memorandum Decision, and is certainly within a "range of permissible decisions." *Arista Records*, 604 F.3d at 117. Defendants may disagree with Magistrate Judge Maas's conclusion, but the Memorandum Decision does not constitute factual or legal error, and should not be overturned as an abuse of discretion.

ny-1096196

## II. DEFENDANTS SIMPLY REITERATE THEIR FLAWED ARGUMENTS AND HAVE STILL FAILED TO SHOW ANY PREJUDICE.

Defendants' Objection primarily rehashes the same misreading of the record and flawed conclusions that Magistrate Judge Maas already considered and rejected. Defendants' Objection states on multiple occasions that various factual conclusions are "not in dispute," when in fact Plaintiffs do dispute them. (Defs' Objection at 1, 3.) Plaintiffs have already addressed these issues at length before Magistrate Judge Maas, however, and given the deferential standard of review, Plaintiffs believe it is unnecessary to repeat each of those arguments here. Plaintiffs have included their prior submissions to the Court on these issues as exhibits to the Declaration of Karen Hagberg in Support of Plaintiffs' Response to Defendants' Objections to Magistrate Judge's Order Denying Sanctions ("Hagberg Decl."), filed concurrently herewith, and incorporate those arguments in addition to the transcribed record of the April 8, 2013 hearing already submitted by Defendants. (Hagberg Decl., Exs. 1-5.)

Despite Defendants' bald assertion that they have established prejudice, they have made no meaningful attempt to identify relevant missing emails that would have aided in their defense. Plaintiffs' claims are based primarily on American Diagnostica, Inc.'s ("ADI") non-compliance with FDA regulations at the time that Sekisui purchased it from Defendants, and other breaches of the Defendants' representations and warranties in the parties' Stock Purchase Agreement. Defendants, as the former owners of ADI, are in a unique position to have direct knowledge of documents that, if deleted, would cause them prejudice—particularly those from Hart's own email files. Through its extensive recovery efforts, Plaintiffs have located and produced over 36,000 custodial files of Richard Hart and tens of thousands of emails from other former employees whose email folders were missing, and Defendants' own document production demonstrated that Richard Hart often used his personal email account to conduct company

4

business and that he, himself, chose to preserve thousands of emails from his ADI email account. In addition, Plaintiffs have produced several hundreds of thousands of emails and other documents from current and former ADI employees in response to Defendants' extensive discovery requests in this action.

In the face of this large volume of documents requested and produced, Defendants have been unable to identify any particular missing documents or categories of missing documents that would have supported Defendants' arguments. Instead, Defendants base their "prejudice" argument on their unsupported and inflammatory accusations that Plaintiffs were picking and choosing which emails to produce. (Defs' Objection at 15.) These accusations go far beyond the materials submitted in support of their Objection, which are the same materials before Magistrate Judge Maas when he determined that Sekisui's actions were not willful. Defendants also argue that the potential absence of email records deprives them of "the opportunity to demonstrate routine compliance," (*id.*) which is similarly unsupported in light of the hundreds of thousands of emails and other documents at their disposal. From this record, Magistrate Judge Maas correctly determined that Defendants have failed to show prejudice.

Significantly, Defendants have chosen not to even attempt to provide a showing of prejudice, contrary to Magistrate Judge Maas's suggestion. In particular, they have chosen not to avail themselves of the opportunity to subpoena or depose even a single witness on this or any other topic. Given Defendants' refusal to attempt to show actual prejudice and their inability to demonstrate prejudice based on the facts in the record, they have no grounds to claim that Magistrate Judge Maas's finding that Defendants had failed to make the requisite showing was clearly erroneous.

ny-1096196

### III. PLAINTIFFS HAVE MADE GOOD FAITH EFFORTS TO MINIMIZE THE LOSS OF EMAIL.

Sekisui has diligently disclosed all known information about the destruction or loss of email to the Defendants, and does not contest that the emails of certain former ADI employees should have been preserved. Sekisui has taken every possible effort to recreate and restore as much of the missing email as is technologically possible, including by hiring forensic experts to analyze document servers and company computers. These efforts have resulted in the successful recovery of email files of Richard Hart, Janet Silbert, Chris Markline and Megan Miller, which have been produced to Defendants. Sekisui's extensive efforts directed to the forensic recovery and production of all sources of discoverable email files are evidence of its good faith efforts to minimize the amount of missing email.

### IV. DEFENDANTS ARE ATTEMPTING TO USE MISSING EMAIL TO DIVERT ATTENTION AWAY FROM THE MERITS OF THE CASE.

Defendants are seeking to take advantage of missing email to engage in a "gotcha" game. This is precisely why courts require movants to show some basis for their accusations, rather than allowing a party to take advantage of missing email to divert the Court's attention and resources away from the real dispute. *See Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*, 685 F. Supp. 2d 456, 468 (S.D.N.Y. 2004) ("[T]he party seeking relief has some obligation to make a showing of relevance and eventually prejudice, lest litigation become a 'gotcha' game rather than a full and fair opportunity to air the merits of a dispute. If a presumption of relevance and prejudice were awarded to every party who can show that an adversary failed to produce any document, even if such failure is completely inadvertent, the incentive to find such error and capitalize on it would be overwhelming. This would not be a good thing.").

ny-1096196

The Memorandum Decision preserved for Defendants the opportunity to bring a new motion for sanctions if they could provide any evidence of prejudice.  *See* Memorandum Decision at 20.  Defendants, however, have not taken advantage of any discovery opportunity to determine actual prejudice.  Absent any such showing of prejudice, Magistrate Judge Maas's determination that there was no willfulness by Sekisui and no showing of prejudice by Defendants was not an abuse of discretion and should stand.  Magistrate Judge Maas's decision was a proper exercise of discretion, was not clearly erroneous and complied with applicable law.  Plaintiffs therefore respectfully submit that Magistrate Judge Maas's decision should be afforded the substantial deference it is due.

Dated: June 25, 2013  
New York, New York

MORRISON & FOERSTER LLP

By:  /s/ Karen L. Hagberg  
Karen L. Hagberg  
Craig B. Whitney

1290 Avenue of the Americas  
New York, NY  10104  
Telephone: (212) 468-8000  
Facsimile:  (212) 468-7900  
khagberg@mofo.com  
cwhitney@mofo.com

Attorneys for Plaintiffs  
*Sekisui America Corporation and Sekisui Medical Co., Ltd.*