SULLIVAN & WORCESTER LLP
Franklin B. Velie
Jonathan G. Kortmansky
Siobhan Briley
1633 Broadway, 32nd Floor
New York, NY 10019
(212) 660-3000
(212) 660-3001 (fax)

*Counsel for Defendants*
*Richard Hart and Marie Louise Trudel-Hart*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEKISUI AMERICA CORPORATION and SEKISUI MEDICAL CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD HART and MARIE LOUISE TRUDEL-HART, <br><br> Defendants. | 12 Civ. 3479 (SAS) (FM) |
| RICHARD HART and MARIE LOUISE TRUDEL-HART, <br><br> Plaintiffs, <br><br> v. <br><br> SEKISUI AMERICA CORPORATION and SEKISUI MEDICAL CO. LTD., <br><br> Defendants. | 12 Civ. 3560 (SAS) (FM) |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER DENYING SANCTIONS**

Defendants Richard Hart ("Mr. Hart") and Marie Louise Trudel-Hart ("Ms. Trudel-Hart") (together, the "Harts") respectfully request leave of the Court to submit this reply memorandum in further support of their objection (the "Objection") to the Memorandum Decision of Magistrate Judge Maas entered on June 10, 2013 (the "Order") pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).

The facts are clear:

- The evidence shows that prior to its deletion, Plaintiffs' lawyers "combed through" Mr. Hart's ESI.  *See* Order at 4-5.  The evidence establishes that Plaintiffs' Office Manager and Head of Human Resources hand-picked certain documents from Mr. Hart's ESI that she believed were "pertinent."  *Id.* at 4.  Thus, there can be no question of relevance.  The evidence also shows that the destruction was done over the vigorous objection of ADI's IT vendor.  *Id.* at 5.  All of these facts were reported to Sekisui's management.  *Id.* at 4-5.  Plaintiffs offered no proof whatever to explain or excuse this conduct.  This is not negligence, or even gross negligence.  It is deliberate misconduct.

- The documentary evidence establishes that Plaintiffs' President and COO—the person responsible for building the case against the Harts—specifically ordered the destruction of all ESI of Leigh Ayres, the employee in charge of compliance.  *See* Ex. 12 to Briley Decl.  The documentary evidence also establishes that prior to deleting Ms. Ayres' ESI, Plaintiffs showed it to the litigation expert hired to evaluate ADI's compliance with FDA regulations.  *See* Ex. 14 to Briley Decl.  Again, there can be no question of relevance.  The order to destroy the Ayres ESI invoked the name of the President of the company and copied him.  *See* Order at 18.  This, too, has nothing of carelessness or negligence about it.  It is deliberate misconduct.

- To this day, Plaintiffs have not provided any explanation for the wholesale destruction of the ESI of Michael Smirnov.

In one place in his Order, Magistrate Judge Maas said the destruction of Mr. Hart's ESI "may rise to the level of gross negligence."  Order at 9.[1]  Yet, Magistrate Judge Maas refused to impose any sanction.  This refusal was contrary to the law in this Circuit.  When a party's destruction of relevant evidence is the result of gross negligence, "sanctions are required."

---

[1] Elsewhere in the Order, Magistrate Judge Maas more aptly held that Plaintiffs' conduct was "culpable."  Order at 11.

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 463 (S.D.N.Y. 2010).

In any event, as shown, Plaintiffs' misconduct was intentional. The "intentional destruction of relevant evidence after the duty to preserve has attached" constitutes willful spoliation. *Id.* at 464-65. Magistrate Judge Maas's refusal to award sanctions is clearly erroneous.

Magistrate Judge Maas refused to make any finding of culpability by Plaintiff with respect to the destruction of Ms. Ayres' and Mr. Smirnov's ESI. With respect to Ms. Ayres, Magistrate Judge Maas credited Plaintiffs' representation that the obliteration of Ms. Ayres' entire ESI was intended to be the deletion of an email address. Order at 19. This finding is clearly erroneous. The destruction was deliberate misconduct. When the President of a company, who is also the officer in charge of the claims at issue, orders obliteration of relevant ESI and makes plain that the order to destroy records comes from him as President, there is nothing of carelessness or negligence in such conduct. The destruction is willful. *Id.* When spoliation is willful, prejudice is presumed; no further showing is required, and sanctions are warranted. *Id.*

Magistrate Judge Maas's refusal to award sanctions for the destruction of Mr. Smirnov's ESI simply because Plaintiffs failed to provide any explanation for its destruction is also clearly erroneous.

Plaintiffs assert that the Harts should have taken depositions and issued subpoenas to obtain the explanation Plaintiffs have failed to provide. The Harts have met their burden of

proof. Plaintiffs have utterly failed to come forward with any competent proof to explain or excuse their conduct.[2]

In sum, Magistrate Judge Maas plainly abused his discretion in refusing to sanction Plaintiffs for their deliberate destruction of relevant evidence. The Harts respectfully request that this Court strike Plaintiffs' pleadings or impose alternative sanctions, such as raising the burden of proof, imposing an adverse inference, or striking expert or other testimony as relevant records are missing.

Dated: New York, New York  
      June 26, 2013

SULLIVAN & WORCESTER LLP

By: /s/Franklin B. Velie  
    Franklin B. Velie  
    Jonathan G. Kortmansky  
    Siobhan Briley  
1633 Broadway, 32nd Floor  
New York, NY 10019  
(212) 660-3000  
(212) 660-3001 (fax)

*Counsel for Defendants*  
*Richard Hart and Marie Louise Trudel-Hart*

---

[2] While Plaintiffs say they have located certain Richard Hart files, they nowhere claim that the obliterated records have been recovered. *Cf. Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 431 (S.D.N.Y. 2010) (party who deleted files offered proof that the records still existed and had been produced). Plaintiffs' new representation in their Opposition that the 36,000 Richard Hart documents are his "custodial files" does not comport with their representations that the emails were recovered from "alternative sources," *see* Order at 5, and that there is no backup for the destroyed ESI, *see* Ex. 2 to Briley Decl. at 4:12-15.