

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

October 15, 2013

**VIA e-FILE AND FACSIMILE**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Sekisui America Co., Ltd v. Hart*, No. 12-CIV-3479

Dear Judge Scheindlin:

We represent Defendants Richard Hart and Marie Louise Trudel-Hart (the "Harts") in the above-referenced action.  At the September 27, 2013 pre-motion conference, the Court directed the parties to meet and confer regarding the Harts' assertion that there are additional spoliation issues.  The Court also directed Plaintiffs to notify the Harts by October 11, 2013 whether Plaintiffs intend to submit an amended/new damages expert report in light of certain issues raised at the pre-trial conference regarding the methodology employed by Plaintiffs' damages expert.  We write to advise the Court of the results of those conversations.

**The Meet and Confer**

The meet and confer was held on October 10, 2013.  At the meet and confer, the Harts raised three issues:  1) missing ESI for Janet Silbert; 2) missing ESI for Joseph Azary; and 3) certain questions regarding the newly found server.

Regarding Janet Silbert, the Harts notified Plaintiffs that ESI appears to be missing for Silbert for the period March 1 to April 19 2009.  This is the period for which Plaintiffs asserts that new financial information was available but not provided.  Silbert was the ADI employee responsible for transmitting financial information from ADI to the persons and entities responsible for due diligence.  The chart below shows the information provided to Plaintiffs:

| Month | # of emails | Month | # of emails |
|---|---|---|---|
| December 2008 | 416 | June 2009 | 702 |
| January 2009 | 370 | July 2009 | 300 |
| February 2009 | 203 | August 2009 | 564 |
| **March 2009** | **52** | September 2009 | 614 |
| **April 1-19, 2009** | **44** | October 2009 | 414 |
| April 20-30, 2009 | 126 | November 2009 | 225 |
| May 2009 | 295 | December 2009 | 358 |

As missing financial information is relevant only to time-barred claims (which Plaintiffs represented they would not pursue, in their September 20, 2013 letter and at the September 27, 2013 conference), we informed Plaintiffs that Silbert's ESI is relevant only if

Hon. Shira A. Scheindlin
October 15, 2013
Page 2

they nevertheless intend to assert at trial that ADI withheld certain financial information. Plaintiffs stated that, although they will not pursue damages for any allegedly withheld financial information, their fact witnesses may testify at trial that the Harts withheld ADI's financial information between January 1, 2009 and the closing.  As Plaintiffs may raise the issue, Silbert's ESI remains relevant.  During the meet and confer process, Plaintiffs stated that they had collected approximately 30,000 Silbert documents that they have not produced because they produced only the Silbert documents containing the search terms agreed to by the parties in February 2013 (*i.e.*, before missing financial data was even an issue).  The Harts requested that Plaintiffs produce all Silbert ESI for the period December 2008 through December 2009.  Plaintiffs refused.  The Harts respectfully request that the Court order Plaintiffs to produce the requested documents.  Because Plaintiffs plan to introduce evidence relevant only to time-barred claims, the Harts respectfully request that the Court issue a ruling precluding Plaintiffs' reliance on time-barred claims and excluding all evidence in support of time-barred claims, including evidence of missing financial information.

Regarding Joseph Azary, after the September 27 hearing, the Harts discovered that there are no custodial emails before March 1, 2011 for Joseph Azary.  Mr. Azary was ADI's Director of Quality Assurance and Regulatory Affairs from October 11, 2010 to June 6, 2012 and his ESI is directly relevant to Plaintiffs' claims regarding compliance.  At the meet and confer, the Harts told Plaintiffs that there were no custodial emails for Azary for the period October 11, 2010 to March 1, 2011.  Plaintiffs stated they had produced such emails and provided a list of documents they asserted were examples of custodial emails during the relevant time period.  The identified documents are not emails.  Seventy documents are calendar entries and the remainder are attachments thereto.  Plaintiffs still have not produced a single custodial email for Mr. Azary before March 1, 2011.  The Harts therefore will move *in limine* for sanctions for the destruction of Mr. Azary's ESI.

Regarding the recently discovered server on which Michael Smirnov's and Silbert's ESI was discovered, the Harts asked Plaintiffs to provide the following additional information:  where the server was discovered, whose data was on the server, where else that data was stored, when the server was in use, and when it was taken out of use.  The Harts also requested that Plaintiffs provide the file directory for the server.  Plaintiffs refused to provide any of this information.  The Harts respectfully request that the Court order Plaintiffs to furnish the requested information.

**Plaintiffs' Damages Expert**

On October 10, 2013, Plaintiffs advised that they would be submitting an amended/new report for their damages expert.  The Harts respectfully request that any additional costs incurred by the Harts to rebut the new report be borne by Plaintiffs.

Respectfully submitted,

/s/

Franklin B. Velie
Partner

Direct line: 212-660-3037
fvelie@sandw.com