**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 18, 2013

Writer's Direct Contact
212.468.8032
KHagberg@mofo.com

BY ECF AND FACSIMILE

Hon. Shira A. Scheindlin
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Sekisui America Corporation et al. v. Hart et al.*, Case No. 12-cv-3479 (SAS) (FM)

Dear Judge Scheindlin:

We write on behalf of Plaintiffs to respond to Defendants' October 15, 2013 letter to the Court. Defendants' decision to write to the Court without first consulting Plaintiffs was improper. At the parties' October 10 meet and confer, Plaintiffs suggested to Defendants that, in accordance with the Court's comments at the September 27, 2013 conference, the parties should submit a joint letter to the Court regarding the outcome of the meet and confer and which motions the parties intended to brief. *See* Sept. 27, 2013 Transcript ("Tr.") at 26:5-20. Defendants declined, stating that they intended to inform the Court only regarding a possible motion concerning Erb's amended expert report, on which they would not be able to comment until they received that report. Defendants also stated that they were not prepared to discuss which other expert motions they were planning to brief. The parties scheduled a further meet and confer for October 11.

At 10:33 p.m. on October 10, Defendants wrote that they were not interested in participating in a further meet and confer. On October 14, however, Defendants again wrote to Plaintiffs and made additional requests regarding Plaintiffs' document production. The next day, <u>without waiting for Plaintiffs' response</u>, Defendants inexplicably sent a letter to the Court, including new issues never previously raised in this case. Plaintiffs respond to those issues here.

**October 10 Meet and Confer / Janet Silbert Emails**

The subject of the meet and confer, as discussed at the September 27 conference, was whether there were any documents missing with respect to Ms. Silbert or Mr. Smirnov, or if there were any lost FDA files. Tr. at 8:7-9:24; 26:19-20. During the conversation, Defendants confirmed that they no longer intended to file any motion with respect to Mr. Smirnov's emails or missing FDA files. Based on that call, the only remaining issue was Defendants' assertion that there were missing emails from Ms. Silbert between March 2009 and mid-April 2009. Defendants make this assertion solely because there were fewer responsive emails for Ms. Silbert during that period than in the surrounding months. Like their other claims, Defendants' position is without factual support.

ny-1113658

**MORRISON | FOERSTER**

October 18, 2013
Page Two

*First*, as Defendants are aware, Ms. Silbert was a part-time, contract employee who had a variety of job responsibilities, and the volume of her emails fluctuated from month to month, sometimes drastically. For example, as noted in Defendants' letter, Ms. Silbert had 295 responsive emails in May 2009 and 702 in June 2009. *Second*, there is no basis for Defendants to assert that Ms. Silbert should have had more emails from March 2009 through mid-April 2009. Indeed, by March 5, 2009, the parties had already signed the Stock Purchase Agreement ("SPA") regarding Sekisui's purchase of ADI. *Third*, the documents provided to Sekisui during the transaction were included in a virtual data room, but there was no updated financial information in the data room, lending additional support to the fact that no updated financials were provided.

In addition, at the meet and confer, Defendants requested that Plaintiffs search the Silbert emails for the additional term, "EBITDA," because that had not been one of the previously agreed-upon search terms (although "KPMG" was), which Plaintiffs agreed to do. That search turned up no further responsive emails. Plaintiffs also offered to search additional terms, and in fact believed the parties were still meeting and conferring on this issue, when Defendants abruptly sent their letter to the Court. Plaintiffs remain willing to search a few additional, reasonable terms. There is no justification, however, for requiring Plaintiffs to review and produce all non-responsive Silbert emails in response to Defendants' baseless accusations.

Finally, as Plaintiffs have already informed Defendants and the Court, Plaintiffs are not asserting any time-barred claims. Defendants' decision to withhold updated financial information from Sekisui prior to the closing may nevertheless be factually relevant to Plaintiffs' claims, and Defendants have no basis for requiring Plaintiffs to agree that no witness will make any reference to what information was or was not provided to Sekisui by Defendants prior to the closing.

**Joseph Azary Custodial Emails**

Mr. Azary's files were produced over seven months ago. Defendants never raised the current issue with respect to that production until a few hours before the October 10 meet and confer, when Defendants' counsel wrote that there were no responsive custodial documents for Mr. Azary from October 2010 through February 2011. After searching the previously produced documents, Plaintiffs informed Defendants at the meet and confer that they had produced custodial documents for that time period, and volunteered to provide a sample list of Bates numbers. Plaintiffs also suggested the parties further meet and confer if there were any issues.

On Monday afternoon, October 14, Defendants wrote to Plaintiffs asking Plaintiffs to "confirm that you have produced all custodial emails for Joseph Azary." The next day, without waiting for a response, Defendants submitted their letter to the Court, stating that there were no custodial emails—only calendar entries—for Mr. Azary during the October through February time period. Until receiving a copy of Defendants' letter to the Court, Plaintiffs had not realized that the sample list of Bates numbers from Mr. Azary's Outlook PST files that Plaintiffs provided actually identified calendar items from Outlook rather than emails.

Defendants are simply wrong, however, that Plaintiffs' did not produce Azary custodial emails from October 11, 2010 to March 1, 2011. As part of the March 15, 2013 production, Plaintiffs

ny-1113658

**MORRISON | FOERSTER**

October 18, 2013
Page Three

produced over 400 Azary custodial email documents from that period.  Those emails were maintained in an archive folder, but metadata provided with the production identifies them as Mr. Azary's "old mail."[1]  Defendants notably failed to raise this issue for seven months, despite now characterizing Mr. Azary as "directly relevant to Plaintiffs' claims."  Had Defendants notified Plaintiffs of this issue at any point in the past seven months, or waited for a response to their email from this past Monday, Plaintiffs would have been able to explain this to Defendants.  Instead, Defendants went directly to the Court with another baseless spoliation claim.

### Backup Server

Contrary to Defendants' assertion, Plaintiffs provided information regarding the additional email production.  Plaintiffs notified Defendants that the Smirnov and Silbert ESI was recovered from a backup server located offsite at one of ADI's former IT vendor's facilities.  The Court was clear at the September 27 conference that it was not going to entertain any spoliation motion with regard to backups unless Defendants could demonstrate that something in the production is missing.  Tr. at 9:12-14.  Defendants have conceded that they are not pursuing any motion on missing documentation (other than perhaps the Silbert issue, above), and thus there are no outstanding issues to discuss.  Defendants cannot continuously demand information from Plaintiffs to try to search for additional accusations they might make about supposedly missing documents.  Despite numerous attempts, Defendants have not identified anything missing from the production, other than what Plaintiffs previously acknowledged and the Court has already adjudicated.  Plaintiffs believe it is time for the parties to file their respective motions *in limine* on November 1 based on the issues raised at the pre-motion conference, and prepare for their January 13 trial.

### Plaintiffs' Damages Expert

Plaintiffs do not believe there is any justification for Defendants' fee-shifting request with regard to any rebuttal expert report that Defendants may seek to submit.  To the extent the Court is inclined to grant such a request, however, we would respectfully request that the Court include a cap on the amount of expert witness fees that Defendants could seek to recover, so that Defendants' rebuttal expert is not provided with a blank check.

Respectfully submitted,

*Karen L. Hagberg*
Karen L. Hagberg

---

[1] The "Custodian" for those documents is identified as "File Server," but the "Location" field indicates that the files came from "File Server\Mailstores\old mail3.pst\old mail3\Joe Azary1."

ny-1113658