

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/14

February 3, 2014

Defendants' request is hereby granted. DX-X and DX-M are admitted into evidence.

So ORDERED.

February 4, 2014

Shira A. Scheindlin, USDJ

**VIA E-FILE AND E-MAIL**

The Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Sekisui America Co., Ltd v. Hart*, No. 12-CIV-3479

Dear Judge Scheindlin:

We represent Defendants Richard Hart and Marie Louise Trudel-Hart in this matter. We write in response to Plaintiffs' Objections to Defendants' List of Admitted Trial Exhibits (Dkt. 129, filed January 31, 2014). Plaintiffs object to Defendants' inclusion of the 2006 Intertek audit report (DX-M) and the Morgan Lewis Due Diligence Report (DX-X) on the grounds that these exhibits were neither introduced during the questioning of any witness nor admitted into evidence at trial. Plaintiffs also object to DX-H(8), a signed ADI internal (QMS) Audit Certification form. Plaintiffs' objections to DX-X and DX-M are baseless. For the reasons set forth below, Defendants do not oppose Plaintiffs' objection to DX-H(8).

Plaintiffs' objection to the admission of the 2006 Intertek audit report (DX-M) is without merit. Plaintiffs questioned Ms. Kuehn regarding all of the Intertek audits, including the 2006 audit, during their direct examination of Ms. Kuehn. *See* Trial Transcript ("Tr.") at 686:3-20. During cross-examination, Defendants' counsel questioned Ms. Kuehn about all of the Intertek audits in bulk, together with the FDA Establishment Inspection Reports. Tr. at 728:25-729:23. Counsel then offered, in bulk, all of the Intertek audits (which includes the 2006 Intertek report (DX-M)), the supplier audits, and the FDA establishment inspection reports. Tr. at 750:19-751:20. Plaintiffs' counsel stated that Plaintiffs had no objection "to the documents coming in." Tr. at 751:3-4. Plaintiffs' counsel did not object when the Court reiterated, "There's no objection to the actual audits and inspections coming in." Tr. at 751:10-752:4. Nor did Plaintiffs' counsel object when Defendants' counsel read from DX-M during closing argument. *See* Tr. at 901:15-22. Defendants' counsel's omission of DX-M from the list of exhibits read into the record immediately after Ms. Kuehn's cross-examination was an oversight corrected when, on January 22, 2014, Defendants submitted their list of admitted exhibits to the Court. Accordingly, Plaintiffs' objection to DX-M should be overruled.

Plaintiffs' objection to the admission of the Morgan Lewis Due Diligence Report prepared by Plaintiffs' counsel (DX-X) is also without merit. DX-X is Plaintiffs' own attorneys' report regarding, *inter alia*, the compliance status of ADI at the time of the acquisition. Plaintiffs raised no objection when counsel for Defendants was conducting the voir dire of Ms. Kuehn and stated: "And in fact, you have been sitting here the whole time and heard me read out Morgan Lewis pointing out that it does mean that [the FDA is] satisfied and you heard Mr. Morrissey acknowledge that." Tr. at 579:4-7. Defendants' counsel's omission of DX-X from

The Hon. Shira A. Scheindlin
Page 2
February 3, 2014

the list of exhibits read into the record immediately after Ms. Kuehn's cross-examination was an oversight corrected when Defendants submitted their list of admitted exhibits to the Court. Accordingly, Plaintiffs' objection to DX-X should be overruled.

If the Court sustains Plaintiffs' objection to DX-X, Defendants request that the following citation substitutions be made in their Supplemental Proposed Findings of Fact and Conclusions of Law and their Annotated and Abridged Original Proposed Findings of Fact and Conclusions of Law:

- page 14 ¶ 42: "Tr. at 217:8-10; 218:4-6" for "DX-X at SEK01878284";
- page 39 ¶ 31: "Tr. at 217:8-10; 218:4-6" for "DX-X at 18 (SEK01878284)";
- page 49 ¶ 80: "Tr. at 217:8-10; 218:4-6" for "DX-X at SEK01878284."

Finally, Defendants do not oppose Plaintiffs' objection to DX-H(8). Defendants introduced several documents not included in Ms. Kuehn's data set which contradict her conclusions that ADI's paperwork during the Relevant Period showed non-compliance. *See* Tr. at 707-717. DX-H(8) is another example, but Defendants did not introduce it at trial and do not reference it in their Supplemental Proposed Findings of Facts and Conclusions of Law or their Annotated and Abridged Original Proposed Findings of Facts and Conclusions of Law.

Respectfully submitted,

*/s/Franklin B. Velie*

Franklin B. Velie

Direct line: 212-660-3037
fvelie@sandw.com


cc:     Karen Hagberg, Esq.
        Craig Whitney, Esq.